Anselm Windham v. State of Mississippi.

[45 South., 861.]

1. Criminal Law and Procedure. *Murder. Argument.*

In a murder case it is improper for a prosecuting lawyer in his argument to urge the jury to remember that the judge could in his discretion punish defendant, if convicted of manslaughter, either by fine and imprisonment in the county jail or by a term in the penitentiary.

2. Same. *Homicide. Self-defense. Instruction.*

Where a decedent and his father had threatened defendant's life on the day of the homicide, and the father made a deadly assault upon him, and during the struggle defendant's father called out that decedent was approaching defendant with a knife, an instruction that, if defendant had reasonable ground to and did apprehend danger, he might shoot in what he deemed necessary self-defense, and the jury must not hold him to the same cool judgment they are able to form, but should put themselves in his place and judge of his acts by the circumstances in which he was situated, his right to kill not being confined to the existence of immediate danger, real or apparent, of loss of life or of great bodily harm at decedent's hands, should have been given.

3. Same. *Doubt as to guilt. Jury's duty.*

Where, in a murder trial, one plausible theory sustained by the evidence tends to show that bystanders killed decedent, and another tends to show that defendant did it, and the jury are unable to determine which theory is true, they must accept the one favorable to defendant, and acquit.

From the circuit court of Smith county.

Hon. Robert L. Bullard, Judge.

Windham, appellant, was indicted and tried for the murder of Saloney Ainsworth; was convicted of manslaughter, and sentenced to the penitentiary for a term of six years and appealed to the supreme court.

The opinion of the court states the facts.

The second instruction for the state, referred to in the opinion, was as follows:

" The court charges the jury, for the state, that even though they should believe that Coon Ainsworth, the father of the deceased, was the aggressor in the difficulty which resulted in the death of his son, Saloney, and though they should further believe that the defendant was justifiable in shooting or taking the life of the said Coon Ainsworth, yet this is not sufficient to justify the defendant in taking the life of Saloney Ainsworth, unless the defendant was, at the time, in immediate danger, real or apparent, of loss of life or of great bodily harm, at the hands of Saloney Ainsworth. And the court therefore charges you that if from the evidence you believe beyond a reasonable doubt that the defendant took the life of Saloney Ainsworth, not being in such danger indicated above, then defendant is guilty as charged, and the jury should so find."

The seventh and eighth instructions for the defendant passed upon by the court ars sufficiently stated in the opinion.

*W. H. Hughes,* for appellant.

The granting of the second instruction for the state was error. It had been shown clearly in evidence that the deceased and his father had conspired to take the life of appellant, and the conspiracy was known to appellant shortly before the difficulty. The instruction was to the effect that although the jury should find that the father was the aggressor in the difficulty leading to the death of the son, and should find that appellant would have been justifiable in killing the father at the time of the homicide, yet this would not justify appellant in taking the life of the deceased, unless appellant was in immediate danger, actual or apparent, of loss of life or great bodily harm at the hands of the deceased. When the deceased was killed, the appellant was actually fighting for his life with one of the conspirators, the father, and did not see the danger threatening him from the son, until appellant's own father cried to him that Saloney was com-

ing upon him with a knife. It was then that the appellant turned and fired, almost instantaneously. Certainly the appellant was legally justifiable, under these circumstances, in shooting Saloney Ainsworth, whether the danger threatening him at the time from Saloney Ainsworth was or was not apparent. That which is " apparent " is " visible to the eye," and this second instruction for the state should not have been given.

It was also error in the court below to permit the learned district attorney, in his closing argument to the jury, to state that the jury should remember that if they should find appellant guilty of manslaughter the judge could, in his discretion, punish him, either by fine and jail sentence or by a term in the penitentiary. *Ellerbe* v. *State,* 79 Miss., 10; s.c., 30 South., 57.

*May, Flowers & Whitfield,* on the same side.

It is apparent that this is a very close case on the facts, and it is doubtful, under the conflicting evidence, whether appellant or some one else shot the deceased. It is also apparent that Coon Ainsworth, the father of the deceased, commenced the difficulty, and that close friends and adherents of the deceased were present at the time, to the obvious prejudice of appellant. In the midst of the difficulty between appellant and the father of deceased, and while so many shots were being fired by different parties as to sound like a canebrake burning or pop-corn bursting, appellant's father cried out to him that Saloney Ainsworth was coming upon him from the rear with an open knife; whereupon the appellant, turning slightly, hastily shot under or over his left arm directly behind him. But the proof is not clear that appellant's shot was the one, out of the many flying through the air, which killed appellant.

To convict a person whose innocence is even more apparent than his guilt, under the proven facts, would be to do away with the fixed rules of law that to sustain conviction the defendant must be shown to be guilty beyond reasonable doubt, and that it is better that ninety and nine guilty men should escape just

punishment than that one innocent man should be unjustly punished.

But, even if the proof showed that the appellant killed the deceased, the killing was justifiable as being done in self-defense. Coon Ainsworth and Saloney Ainsworth were manifestly seeking an opportunity to do great bodily harm to appellant, for some time before the immediate difficulty. Father and son had acted in concert all the way through the different events leading up to the homicide. Accordingly, a threat or an overt act at this last stage of proceedings, in the midst of the excitement, coming from the father of deceased was practically the same as a threat on the part of the deceased. If the appellant would have been justifiable in killing Coon Ainsworth at the time he was in the altercation with him, it must follow that he was justifiable in killing the son, Saloney Ainsworth, inasmuch as the father and son were jointly engaged in the attack upon appellant, even though the father made the first overt act in the attack. This being true the second instruction granted for the state was erroneous.

It is clearly evident, from uncontradicted testimony, that appellant had reasonable grounds to apprehend danger, in view of the threats made against him by the father and son jointly and severally, and the second instruction for the state is erroneous in that it takes from the jury the right to consider whether the actions of the father and the son toward appellant were so closely allied as to be one and the same.

It was error for the court below to allow the district attorney to argue to the jury the degrees of punishment that might, under different findings, be imposed upon the appellant. *Ellerbe* v. *State,* 79 Miss., 10; s.c., 30 South., 57; *Brown* v. *State,* 72 Miss., 997; s.c., 17 South., 278.

It was also error to refuse the seventh instruction for the defendant. This instruction told the jury that, in passing upon the appellant's action at the time of the difficulty, they should not hold him to the same cool and correct judgment which they

themselves were able to form, after hearing the evidence, but that they should put themselves in the appellant's place, as it were, and then judge of his acts by the facts and circumstances by which he was surrounded.

*R. V. Fletcher,* attorney-general, for the appellee.

The second instruction for the state is attacked upon the ground that it limits the danger to Saloney Ainsworth, and prohibits the jury from taking into consideration the action of the deceased's father, Coon Ainsworth. But the charge does no more than tell the jury that defendant should not have slain Saloney Ainsworth unless Saloney Ainsworth was in some way contributing to the danger. If Saloney was shot at a time when he was making no hostile demonstration and when the appellant, as a reasonably prudent man, had no reason to apprehend an attack, then the mere fact that Coon Ainsworth was to blame does not warrant appellant in killing an innocent bystander. This instruction does not exclude from the jury the alleged remarks of some one, " Look out, Anse, Saloney is coming on you with a knife." The evidence is conflicting as to whether such a remark was ever made, but, if made, it was but a circumstance to go to the jury in aiding them to determine whether there was any real or apparent danger. If the instruction is not correct, then its converse must be; that is to say, the court would be warranted in charging that if defendant had a right to kill Coon Ainsworth, he had a right to kill any bystander, whether or not the bystander should have been making any demonstration.

In reply to the contention of learned counsel for the appellant that the district attorney went beyond his province in his argument before the jury, in referring the different grades of punishment which might be inflicted if the defendant were found guilty of manslaughter, no objection was made to such statements at the time, counsel for defendant having stated to the court that he would expect the court to protect his legal

rights. The *Ellerbe case,* 79 Miss., 10, is cited as a reason why the judgment here should be reversed; but there is quite a difference between an instruction given by the court, such as caused reversal in the *Ellerbe case,* and a remark made by the district attorney to which at the time no objection was made. To say that the district attorney, in his argument, must go no further than the instructions may go, is to put undue limitations upon the prosecuting officer. Moreover this court will not reverse a judgment merely because of remarks of a prosecuting officer unobjected to at the time, unless there has been a gross abuse of the privileges of advocacy. *Cartwright* v. *State,* 71 Miss., 82; s. c., 14 South., 526; *Powers* v. *State,* 83 Miss., 691; s.c., 36 South., 6; *Regan* v. *State,* 87 Miss., 422; s.c., 39 South., 1002. This was not a case where a compromise was invited; it was a clear case of manslaughter, not one where a verdict of manslaughter was reached because of an unwillingness to convict of murder on account of insufficiency of proof.

CALHOON, J., delivered the opinion of the court.

This is an exceedingly close case on the facts. It seems to us very doubtful whether the shot fired by the appellant was the shot which killed the deceased, Saloney Ainsworth. It appears to us from this record that the father of the deceased commenced the difficulty by a deadly assault on appellant, and that his family and adherents were near by, and that he and appellant, Windham, were in this deadly encounter, brought on by Coon Ainsworth, the father of the deceased, when the father of the appellant called, "Look out, Anse! Saloney is coming on you with a knife," when the appellant turned and shot his pistol, either under or over his arm, to the rear in the direction of deceased. About the same time, and as witnesses for defense and one for state testify, before the appellant shot, other shooting occurred towards where the accused was, when at that time, or about that time, there was a regular fusillade of shots. Some of the witnesses testify that the shot fired by appellant

did not kill Saloney Ainsworth. It is testified to that the pistol firing was like the bursting of pop-corn. Suffice it to say that a verdict of murder, for which appellant was indicted, would not in our opinion, be sustained by any court. In this situation, on trial, the district attorney in his concluding argument was permitted to say: " The jury should keep in mind the fact that, should they find the defendant guilty of manslaughter, the law allows the judge in his discretion to punish him in one of two ways, either by fine and jail sentence, or by a term in the penitentiary, a maximum of which, as fixed by the law, I do not now recall." In a case like this such language was wholly inadmissible. It was a very plain bid for a conviction of manslaughter, under the indictment for murder, and the jury accordingly so found.

We think, on the facts of this particular case, instruction No. 2 for the state is too narrow. It confines the right of the defendant to shoot to the existence at that time of immediate danger, " real or apparent," of loss of life or of great bodily harm at the hands of said Saloney Ainsworth. In view of the testimony of the defense and some of the testimony for the state, this hardly suits the situation. It will be observed that the father and the son both threatened the life of appellant. They had gone to his house and told his wife that they intended to kill him. They had threatened to kill him on the very day when the shooting took place. A deadly assault was made upon him by the father, and, pending that life and death struggle between the appellant and the father, appellant's father called out that Saloney was coming on him with a knife. It was therefore instinctive for appellant to do what he did do — hold the father with the left hand and momentarily turn and shoot under his arm or over his arm in the direction of Saloney Ainsworth. Therefore, in this mortal conjuncture, the danger may have seemed, and properly seemed, to appellant very great and impending at the time he shot. But the instruction confines the jury to the fact of the actual existence of real or apparent

danger at the very time of the shot.    Witnesses for the defense sustain the view that it was actually impending and apparent from the acts of Saloney Ainsworth.    Witnesses for the state say it was not.    But it is none the less true that, in the situation in which the accused found himself, the jury should have been informed that if in his place there was reasonable ground to apprehend danger, and he did apprehend it, he might shoot in what he thought necessary self-defense, and in this connection, and in this sort of a case, we think instruction No. 7 should not have been refused the defendant, which instruction was to the effect that, in passing on defendant's action at the time, the jury should not hold him to the same cool and correct judgment which they are able to form, but should put themselves in his place and judge of his acts by the facts and circumstances by which he was surrounded.

In the same connection, we think the accused was entitled to his instruction No. 6, which the court refused to give, which is: " That if there are two plausible theories arising out of the evidence in this case, and one tends to prove that bystanders from the storehouse gallery killed Saloney Ainsworth, and the other theory tends to show that Anse Windham killed Saloney Ainsworth, and if the jury are unable to determine from the evidence which of the two theories is true, they must accept that theory most favorable for the defendant and find the defendant not guilty."

We decide no other questions.

*Reversed and remanded.*