## ROSA MINOR v. STATE.

[57 South. 548.]

CRIMINAL LAW. *Trial. Argument of counsel.*

> In a trial for murder where the district attorney was permitted over the objection of defendant to say to the jury, "If you bring in a verdict of manslaughter, the court does not have to sentence defendant to the penitentiary, but can fine her or send her to the county farm," it was reversible error.

APPEAL from the circuit court of Warren county.

HON. H. C. MOUNGER, Judge.

Rosa Minor was convicted of manslaughter and appeals.

The facts are sufficiently stated in the opinion of the court.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

In the closing argument, the district attorney used the following language:

"If you bring a verdict of manslaughter, the court does not have to sentence her to the penitentiary, but can fine her or send her to the county farm."

A special bill of exceptions was taken to this language and it is assigned as error in this court.

Our court has held that language similar to this constitutes reversible error. *Windham v. State,* 91 Miss. 845. If the Windham case is to be followed, the case at bar must be reversed.

SMITH, J., delivered the opinion of the court.

Appellant was indicted for murder, and convicted of manslaughter. The district attorney in his closing argument used the following language: "If you bring

in a verdict of manslaughter, the court does not have to sentence her to the penitentiary, but can fine her or send her to the county farm.'' Appellant's objection to this language was overruled, and an exception taken.

This language is practically the same as that used by the district attorney in *Windham* v. *State,* 91 Miss. 845, 45 South. 861, and consequently the judgment of the court below must be reversed, and the cause remanded.

*Reversed and remanded.*