ABNEY *v.* STATE.

[86 South. 341. No. 21441.]

CRIMINAL LAW. *Jury should not be reminded by district attorney as to the maximum and minimum penalty.*

> The jury is not concerned, in arriving at its verdict, with the *quantum* of punishment that may be inflicted in response thereto, and should not in a murder case be reminded by the district attorney that in event the defendant should be convicted of manslaughter the maximum penalty is twenty years in the state penitentiary, and the minimum penalty absolutely within the discretion of the court.

APPEAL from circuit court of Copiah county.
HON. D. M. MILLER, Judge.

Santy Abney was convicted of manslaughter, and she appeals. Reversed and remanded.

*M. S. McNeil,* for appellant.

It is insisted that there is no reason in law or in principle why the prosecuting attorney should not state to the jury the maximum and minimum punishment in the event of a conviction of manslaughter, provided only that he states the law correctly, and it is even insisted by counsel for appellee that it would be wise and just for the dis-

trict attorney to do so. We do not agree with counsel for appellee in his conclusions on this subject, and this practice has been condemned, not only by the supreme court of this state, but in all other states where the question of punishment is fixed by the court and not by the jury. 16 C. J., page 912. *Eggart* v. *State,* 25 So. 144, 40 Fla. 527; *State* v. *Terault* (N. H.), 95 Am. 669; *Ford* v. *State,* 46 Neb. 390, 64 S. W. 1083; *Russell* v. *State,* 57 Ga. 420; *People* v. *Ryan,* 55 Hun, 214, 8 N. Y. S. 341.

We insist that these tactics by a prosecuting officer should certainly never be resorted to in a case like the one before this court. · Evidently the jury in this case did not believe the defendant guilty of murder, and if they did not then the only testimony which could have raised in their minds a reasonable doubt of her guilt was the testimony of the defendant, and this testimony, if believed by the jury, entitled her to an acquittal; but in this state of the case the district attorney suggested the maximum and minimum punishment for manslaughter, and although the jury may have believed that the defendant was neither guilty of murder or manslaughter, yet they may have believed that she was not entirely free from fault, and upon this idea they returned a verdict of guilty of manslaughter, thinking perhaps that the court might inflict the minimum punishment.

*H. Cassedy Holden,* for the state.

The appellant complains of the argument of the district attorney. A special bill of exceptions was taken to the remarks of the district attorney in his closing argument, when, based upon the instruction given by the court for the state, he stated to the jury that they might find a verdict of guilty as charged, or that they might find a verdict of guilty as charged with disagreement as to punishment or that they might find a verdict of guilty as charged and fix the punishment at life imprisonment, or that they might find a verdict of guilty of manslaughter.

The district attorney told the jury what sentence could be imposed by the court in each case. He told them that if they found the defendant guilty of manslaughter the maximum penalty was twenty years in the pentitentiary and the minimum penalty absolutely within the discretion of the court.

The defendant took exception to the statement of the district attorney as to the punishment which might be involved in case they returned a verdict of guilty of manslaughter. Appellant cites two cases in support of this exception which is brought forward in the fourth assignment of errors. In the case of *Ellerbe* v. *State*, 79 Miss. 10, the court held that an instruction informing the jury of the penalty in case of a conviction for manslaughter was error. It is certainly the law that the court has no right to instruct the jury as to the penalty which will be inflicted in case they bring in a verdict of manslaughter. But no such instruction was given in the case at bar, and therefore *Ellerbe* v. *State*, is not in point here.

In the case of *Windham* v. *State*, 91 Miss. 845, is more in point. In this case the district attorney, in his concluding argument, told the jury that if they found the defendant guilty of manslaughter the law allowed the court in his discretion to punish the defendant in two ways, either by fine and jail sentence or by a term in the penitentiary. This statement of the district attorney on appeal, was condemned by Justice Calhoun, but the case was reversed on other grounds.

"Ordinarily a cause will not be reversed upon improper remarks, or improper argument, or for misconduct of counsel, unless it appears that the acts complained of influenced the jury in arriving at a verdict and resulted in substantial prejudice to the defendant." 17 C. J. 297. This is the law in this state. *Lamar* v. *State*, 65 Miss. 93, 3 So. 78; *Hemingway* v. *State*, 68 Miss. 371, 8 So. 317; *Brown* v. *State*, 81 Miss. 143, 33 So. 170; *Wood* v. *State*, 46 Miss. 761, 2 So. 247; *Schrader* v. *State*, 84 Miss. 593, 36 So. 305; *Day* v. *State*, 91 Miss. 329, 44 So. 813; *Wells* v. *State*, 96

Miss. 500, 51 So. 209; *Saucier* v. *State*, 102 Miss. 647; 59 So. 858; Annotated Cases, 1915 A. 1044; *Jacobs* v. *State*, 103 Miss. 622, 60 So. 723; *Jennings* v. *State*, 118 Miss. 619, 79 So. 814.

There is no reason in law or in principle why the prosecuting attorney should not state to the jury the maximum and minimum punishment in case of conviction for manslaughter, provided only, that he states the law correctly. As a matter of fact, it would be wise and just. If a jury knew in each criminal case the punishment to be meted out, based upon their verdict, they would be in a better position to render justice than they would be if they were ignorant of the penalty which might be inflicted—would be especially valuable and effective of justice in doubtful cases where the grade of the offense of the defendant does not clearly appear, but it is only proved that the defendant is guilty of crime.

Conclusion. It is submitted that there was no error committed in the court below which will justify a reversal of this case. If there was any error, it was slight and harmless, the result reached is fully justified by the evidence in the case. The sentence of the defendant was reduced from ten to five years by the court in view of the mitigating circumstances shown in the testimony. The law has been lenient with Santy Abney and she should be content with the verdict and the judgment of the court below.

SMITH, C. J., delivered the opinion of the court.

The appellant was indicted for murder and convicted of manslaughter. According to the evidence introduced by the state, the appellant is guilty of murder; according to that introduced in her own behalf, she is innocent; and on which side the truth lies is an exceedingly difficult question to determine.

The court submitted to the jury the question of the defendant's guilt of either murder or manslaughter, and

the district attorney in his closing argument, over the objection of the appellant, stated to the jury that, in event they should return a verdict for manslaughter, "the maximum penalty is twenty years in the state penitentiary and the minimum penalty is absolutely in the discretion of the court."

The appellant's objection to the argument of the district attorney should have been sustained, and the jury charged to disregard it, for the reason that the jury have no concern, in arriving at their verdict, with the *quantum* of punishment that may be inflicted in response thereto. *Windham* v. *State,* 91 Miss. 845, 45 So. 861; *Johnson* v. *State,* 78 Miss. 629, 29 So. 515; *Ellerbe* v. *State,* 79 Miss. 10, 30 So. 57.

*Reversed and remanded.*