DIXON, Justice
(dissenting).
I must respectfully dissent from the majority holding as to Bill of Exceptions No. 2, in which we find no error in the trial judge’s prohibition against the defense counsel’s arguing to the jury the severity of the penalty for armed robbery.
The very section which defines the crime of armed robbery provides the sentence:
“A. Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
“B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.” R.S. 14:64.
In deciding that the defense counsel may not argue the sentence to the jury, the ma *733 jority cites Abney v. State, 123 Miss. 546, 86 So. 341 (1920). There, the court held that the district attorney could not raise the suggestion of possible penalites in urging the jury to convict. Apparently, Mississippi denies both the prosecution and the defense the right to inform the jury about the sentence.
However, this court has held that there is nothing to prevent the district attorney informing the jury about pardons and paroles available to the accused in the event of his conviction. See State v. Burks, 196 La. 374, 199 So. 220.
There may be good reason for the double standard, but it can have little to do with a fair trial for the accused. Readily apparent is the damage that will be done to the basic notions underlying our jury system by the rule that the penalty for a crime can be kept secret from the jury. The jury system is cumbersome and inefficient. We maintain it in the United States because we consider it elemental and basic and essential to protection against tyranny. A large part of the value of the jury system is that a jury might refuse to enforce an oppressive law, even though it be proved that the defendant violated its provisions. The penalty is part of the law. The penalty alone might make a law oppressive.
The jury ought to know.