## *In re* CROSS, Petitioner.

### ORIGINAL.

No. 10 Original. Submitted November 29, 1892.—Decided December 5, 1892.

The provision in section 845 of the Revised Statutes of the District of Columbia that when the judgment in a criminal case is death or confinement in the penitentiary the court shall, on application of the party condemned, to enable him to apply for a writ of error, "postpone the final execution thereof" etc., relates only to the right of the accused to a postponement of the day of executing his sentence, in case he applies for it in order to have a review of an alleged error; and, with the exception of this restriction, the power of the court was left as it had been at common law.

THIS was a petition for a writ of *habeas corpus.* The application was made by William Douglass Cross, a person indicted and convicted of murder in the District of Columbia. Some

previous movements in this case had been before the court in *Cross* v. *United States*, 145 U. S. 571, and *Cross* v. *Burke*, *ante*, 82. The present application alleged that the petitioner was "unlawfully deprived of his liberty and unlawfully imprisoned, confined and detained in the United States jail in the county of Washington, and District of Columbia." The prayer was that he be discharged and set at liberty.

The allegations respecting the illegality of the imprisonment were as follows:

"1. On the 7th day of July, 1891, at a special term of the supreme court of the District of Columbia, holding a court for criminal business, this petitioner was, by a verdict of a jury, convicted of murder.

"2. That thereafter he filed a motion for a new trial, which was heard and overruled, and on, to wit, the 30th day of July, 1891, judgment and sentence were pronounced against him by the justice presiding, holding said special term for criminal business, in the following words:

"'It is considered that for his said offence the defendant be taken by the warden aforesaid to the jail from whence he came, and there to be kept in close confinement, and that upon Friday, the 22d day of January, in the year of our Lord one thousand eight hundred and ninety-two, he be taken to the place prepared for his execution, within the walls of the said jail, and that there, between the hours of eight o'clock ante-meridian and twelve o'clock meridian of the same day, he be hanged by the neck until he be dead, and may God have mercy upon his soul.'

"3. Petitioner further says, as he is informed by his counsel and verily believes, that an appeal was taken from said special term to the general term of the Supreme Court of the District of Columbia, and on January 12, 1882, said Supreme Court in general term affirmed the judgment of the special term in the following words:

"'Because it appears to the court here that there is no error in the record and proceedings, or in the judgment of the special term in this cause, it is considered by the court here that the said judgment be, and the same hereby is, affirmed.'

" 4. Petitioner further states, as he is informed by his counsel and verily believes, that a death warrant was, on the 12th day of January, 1892, issued for his execution to take place on the 22d day of January, 1892, and that no return of said warrant has ever been made.

" 5. Petitioner further says that, as he is informed by his counsel and verily believes, while he was in jail awaiting execution, the chief justice of the supreme court of the District of Columbia allowed a writ of error to the Supreme Court of the United States.

" 6. Petitioner further states, as he is informed by his counsel and verily believes, that on 21st day of January, 1892, the Supreme Court of the District of Columbia in general term, in the absence of the petitioner, postponed the day of his execution as fixed by the presiding justice in the special term, and in his absence resentenced him to be hanged on Friday, the 10th day of June, 1892, between the same hours specified in the said judgment of the said special term.

" 7. Petitioner further says, as he is informed by his counsel and verily believes, that on the 16th day of May, 1892, the Supreme Court of the United States refused to entertain the writ of error and dismissed the same, holding that the act of February 6, 1889, did not authorize the issue of the writ, as will more fully appear on reference to the opinion of said court, a copy of which is hereunto annexed marked " A," and forms a part of this petition.

" 8. Petitioner further says, as he is informed by his counsel and verily believes, that from the day upon which sentence was pronounced by the presiding justice, to wit, July 30, 1891, until the day fixed for his execution, to wit, January 22, 1892, the warden of the United States jail held and detained him as a prisoner under and by virtue of the said sentence.

" 9. Petitioner further says, as he is informed by his counsel and verily believes, that after the day fixed for his execution, to wit, January 22, 1892, said warden has claimed the right to hold and detain this petitioner as a prisoner under and by virtue of an order of the Supreme Court of the District of Columbia, in general term, postponing his execution and resen-

tencing him to be hanged June 10, 1892, in the following words :·

"'That the execution of the sentence of death pronounced against the defendant by the special term of this court on the thirtieth day of July, in the year of our Lord one thousand eight hundred and ninety-one, to take place on the twenty-second day of January, 1892, be, and the same is hereby, postponed until the tenth day of June, 1892, between the same hours specified in the said judgment of the said special term.'

"10. Your petitioner further avers, as he is informed by his counsel and verily believes, that section 1040, Revised Statutes U. S., under which the court in general term postponed the execution of the sentence, provides for cases carried to the Supreme Court of the United States, and directs what shall be done in such cases by the court rendering the judgment. It is provided that in case of affirmance the court rendering the judgment shall appoint a day for execution. All this is in cases which are carried to the Supreme Court in pursuance of law. The case of your petitioner has been decided not to have been so carried to the Supreme Court. The result, in contemplation of law, is that it never was in that court. Consequently the case not being such as is contemplated by said section 1040, the Supreme Court of the District of Columbia was without authority to change the date of execution. As the date lawfully fixed, to wit, January 22, 1892, has passed, and a new date was not lawfully fixed, and no other date can be fixed, your petitioner is advised that he is detained and imprisoned without authority of law.

"11. Petitioner further says, as he is informed by his counsel and verily believes, that since the dismissal of the writ of error by the Supreme Court of the United States on the 16th day of May, 1892, and the opinion of that court declaring that the allowance of said writ of error was *ultra vires*, without jurisdiction and null and void ; and, as a necessary consequence, that the order of the Supreme Court of the District of Columbia in general term postponing the execution of this petitioner and resentencing him to be hanged at a later day was also *ultra vires*, without jurisdiction, and null and void ;

that said warden has, since said decision, unlawfully detained and held this petitioner as a prisoner without any lawful warrant, and still so unlawfully detains and holds him.

"12. Petitioner further says, as he is informed by his counsel and verily believes, that on the 7th day of June, 1892, the Supreme Court of the District of Columbia, in special term and without any authority of law, or power or jurisdiction therein, postponed the execution of this petitioner to the 11th day of November, 1892, between the same hours heretofore specified.

"13. Petitioner further says, as he is informed by his counsel and verily believes, that on the 9th day of November, 1892, the Supreme Court of the District of Columbia, in special term and without any authority of law, or power or jurisdiction therein, again postponed the execution of this petitioner to the 2d day of December, 1892, between the hours heretofore specified.

"14. Petitioner further says, as he is informed by his counsel and verily believes, that there was no power, jurisdiction or authority vested in any court to resentence this petitioner, to postpone said sentence, or to fix another day for his execution beyond the 30th day of January, 1892, and that any and all postponement of the execution of the petitioner after the said 30th day of January, 1892, was null and void, and in violation of section 845 of the Revised Statutes of the United States relating to the District of Columbia, which said section governs the time of execution within the District of Columbia in all cases of appeal.

"15. Petitioner further says, as he is informed by his counsel and verily believes, that the authority of the warden of the United States jail to detain him as a prisoner expired January 22, 1892, and that since that day said warden has unlawfully kept and detained this petitioner as a prisoner without due process of law, and in violation of the Constitution of the United States."

*Mr. Charles Maurice Smith* and *Mr. Joseph Shillington* for petitioner.

The petitioner, through his counsel, desires to submit to this honorable court the following points and decisions as to the rights, the power, and the authority of this court to issue these writs of *habeas corpus* and certiorari.

In *Ex parte Lange*, 18 Wall. 163, 166, Mr. Justice Miller, in delivering the opinion of the court as to its power to direct the writ of *habeas corpus* to issue, accompanied also by a writ of certiorari, said: " The authority of this court in such case, under the Constitution of the United States, and the fourteenth section of the Judiciary Act of 1789, 1 Stat. 73, to issue this writ and examine the proceedings in the inferior court, so far as may be necessary to ascertain whether that court has exceeded its authority, is no longer open to question," citing *United States* v. *Hamilton*, 3 Dall. 17 ; *Ex parte Burford*, 3 Cranch, 448 ; *Ex parte Bollman*, 4 Cranch, 75 ; *Ex parte Watkins*, 3 Pet. 193 ; *Ex parte Metzger*, 5 How. 176 ; *Ex parte Kaine*, 14 How. 103 ; *Ex parte Wells*, 18 How. 307 ; *Ex parte Milligan*, 4 Wall. 2 ; *Ex parte McCardle*, 6 Wall. 318 ; *Ex parte Yerger*, 8 Wall. 85.

In *Ex parte Virginia*, 100 U. S. 339, 343, Mr. Justice Strong, in delivering the opinion of the court, said : " While, therefore, it is true that a writ of *habeas corpus* cannot generally be made to subserve the purposes of a writ of error, yet when a prisoner is held without any lawful authority, and by an order beyond the jurisdiction of an inferior Federal Court to make, this court will, in favor of liberty, grant the writ, not to review the whole case, but to examine the authority of the court below to act at all." And in that case, as in many others cited, the case of *Ex parte Lange* was referred to and approved.

In the following cases likewise, the opinion of the court in *The Lange Case* was approved and the writs of *habeas corpus* and certiorari were allowed to issue. *Ex parte Rowland*, 104 U. S. 604; *Roberts* v. *Reilly*, 116 U. S. 80, 85 ; *Ex parte Snow*, 120 U. S. 274 ; *Ex parte Bain*, 121 U. S. 1 ; *Ex parte Ayers*, 123 U. S. 443, 486.

Counsel for petitioner further say that the order of the general term of the Supreme Court of the District of Columbia, made in this case, postponing the execution of the sentence

of petitioner to June 10, 1892, was contrary to the provisions of section 845, Rev. Stat. of the District of Columbia, and was null and void, and that all subsequent orders made by such Court subsequent thereto are likewise null and void, and counsel thereupon ask that such writ of *habeas corpus* may issue and that it may be accompanied by a writ of certiorari in order that the illegal action of the Supreme Court of the District of Columbia may be clearly shown to your honorable court.

No one opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This is a petition for writs of *habeas corpus* and certiorari. The matters set up will be found sufficiently reported in *Cross v. Burke, ante,* 82, and *Cross v. United States,* 145 U. S. 571. The application to us is in effect the same as that made to the Supreme Court of the District of Columbia, whose judgment denying the writ of *habeas corpus* was brought to this court by appeal, upon the hearing of which the merits were fully argued, although we were obliged to decline jurisdiction. Petitioner contends that the postponement of the execution of the sentence of death pronounced against him, by virtue of an order of the Supreme Court of the District in general term on January 21, 1892, and subsequent postponements by that court in special term, were without authority of law and in violation of section 845 of the Revised Statutes of the District, and that, therefore, he is unlawfully kept and detained without due process of law and in violation of the Constitution of the United States.

Conceding that the time of execution is not part of the sentence of death unless made so by statute, it is insisted that in the District the time has been made a part of the sentence by section 845, which provides that when the judgment is death or confinement in the penitentiary the court shall on the application of the party condemned, to enable him to apply for a writ of error, "postpone the final execution thereof to a reasonable time beyond the next term of the court, not exceeding in any case thirty days after the end of such term."

The argument is that the time fixed by such a postponement is to be regarded as a time fixed by statute, and that the power of the court to set a day for execution is thereby exhausted.

The Supreme Court of the District, upon the prior application, held that this provision related simply to the right of the accused to a postponement of the day of executing his sentence in case he should apply for it in order to have a review of an alleged error, and that with the exception of this restriction in the matter of fixing a day for execution, the power of the court was not made the subject of legislation, but was left as it had been at common law.

We concur with the views expressed by that court, and in the conclusion reached, that if the time for execution had passed in any case, the court could make a new order.

Unquestionably, Congress did not intend that the execution of a sentence should not be carried out, if judgment were affirmed on writ of error, except where the appellate court was able to announce a result within the time allowed for the application for the writ to be made. The postponements were rendered necessary by reason of delays occasioned by the acts of the condemned in his own interest, and the position that he thereby became entitled to be set at large cannot be sustained. *McElvaine* v. *Brush*, 142 U. S. 155, 159; *People* v. *Brush*, 128 N. Y. 529, 536.

It may be admitted that section 1040 of the Revised Statutes applies only to cases which can be brought to this court; but, apart from the fact that, as pointed out in *Cross* v. *United States, ubi supra*, the Supreme Court of the District, whether sitting in general or in special term, is still the Supreme Court, it is unnecessary to consider the validity of the postponements, since section 845 of the Revised Statutes of the District has not the effect contended for. Without reference to the state of case when a statute fixes or limits the time, the sentence of death remained in force, and was sufficient authority for holding the convict in confinement after the day fixed had passed, when it became the duty of the court to assign, if there had been no other disposition of the case, a new time for exe-

cution. *Rex* v. *Harris*, 1 Ld. Raym. 482; *Rex* v. *Rogers*, 3 Burrow, 1809, 1812; *Rex* v. *Wyatt*, Russ. & Ry. 230; *Ex parte Howard*, 17 N. H. 545; *State* v. *Kitchens*, 2 Hill (S. C.) 612; *Bland* v. *State*, 2 Carter (2 Indiana), 608; *Lowenberg* v. *People*, 27 N. Y. 336; *State* v. *Oscar*, 13 La. Ann. 297; *State* v. *Cardwell*, 95 N. Car. 643; *Ex parte Nixon*, 2 S. Car. 4.

> *The application for the writs must be denied.*