10 So.2d 681

HENRY v. REID, Sheriff, et al.

No. 36841.

Nov. 4, 1942.

Clement M. Moss and Norman F. Anderson, both of Lake Charles, for applicant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Asst. Atty. Gen., Griffin T. Hawkins, Dist. Atty., of Lake Charles, for respondents.

HIGGINS, Justice.

The relatrix, who is under a sentence of death for murder, filed a petition on July 29, 1942, praying for a preliminary injunction against the Sheriff of Calcasieu Parish, his deputies, and representatives to enjoin them from executing her by electrocution under the death warrant issued by the Governor of this State.

On the trial of the rule nisi, the district judge sustained the exceptions of no right and no cause of action, denied the preliminary injunction, and dismissed her suit.

She then applied to this Court, under its supervisory jurisdiction, for writs of certiorari, prohibition and mandamus, on the following grounds:

(1) That Act No. 14 of the Legislature of Louisiana of 1940 is unconstitutional, null, and void, because it violates Section 27 of Article 3 of the Constitution of Louisiana of 1921, which fixes the date when laws are to become effective;

(2) In the alternative, that the sentence and judgment of the court, ordering her execution, was indefinite, doubtful, and ambiguous, because it failed to direct the manner of execution and, therefore, the sentence and the judgment are illegal, and the death warrant based thereon is likewise null; and

(3) In the alternative, that if Act No. 14 of 1940 is applied to the crime alleged to have been committed by her, it is an ex post facto law and unconstitutional, because it violates Section 15 of Article IV of the Constitution of Louisiana of 1921, and Section 10 of Article 1 of the Constitution of the United States, and therefore the death warrant issued under the statute is void.

We granted the writs, with a stay order, and the matter was submitted to this Court on Friday, October 16, 1942.

This case has been before this Court on three previous occasions. State v. Henry, 196 La. 217, 198 So. 910; Id., 197 La. 999, 3 So.2d 104; and Id., 200 La. 875, 9 So.2d 215.

We shall discuss the issues herein, in the above order.

■ The relevant part of Act No. 14 of 1940 reads as follows:

"This Act shall become effective as of June 1st, 1941, or at such date prior thereto that said chair may be obtained by the General Manager of the State Penitentiary at Angola, and such fact is certified by the General Manager of said Penitentiary to the Sheriffs of the respective parishes."

The above statute was enacted at the regular session of the Legislature of 1940, which adjourned on July 11, 1940.

The pertinent provision of Section 27 of Article 3 of the Constitution of 1921 provides:

"All laws enacted shall go into effect at twelve o'clock, noon, on the twentieth day after the Legislature shall have adjourned. * * *"

In Ricks v. Department of State Civil Service et al., 200 La. 341, 8 So.2d 49, 62, after citing authorities from other States, the Court pointed out that the spirit and purpose of the above quoted part of the article and section of our Constitution was to give the public time to become acquainted with the provisions of the new law and to afford it an opportunity to comply with its terms, and stated:

"We do not interpret the words, 'all laws enacted shall go into effect at twelve

o'clock, noon, on the twentieth day after the Legislature shall have adjourned,' as prohibiting the Legislature from fixing a date on which an act shall become effective beyond this period of time. We know of no provision in the Constitution which specifically prohibits the Legislature from fixing the effective date of an act beyond twenty days after the Legislature has adjourned."

. In the light of the foregoing authority, it is clear that the first ground of attack herein upon the constitutionality of the statute is without merit.

■ With reference to the second issue, the judgment of the trial judge reads, as follows:

"In the above prosecution the Court finds the age of the defendant, Mrs. Annie Beatrice Henry, to be 26 years on January 3, 1942, and the said defendant having been regularly convicted on a charge of murder, it is therefore,

"Ordered, adjudged and decreed that the said Mrs. Annie Beatrice Henry be, and she is hereby sentenced to death, and that she be executed in the manner provided by law."

The relatrix contends that the sentence and the judgment are null and void because they are indefinite in that they do not provide the method or means of execution, but allow the Governor, representing the Executive Department, to resolve this uncertainty by stating in the warrant of execution the manner in which the defendant shall be put to death, and that the interpretation of the law is a judicial and not an executive function.

The State counters by pointing out that the accused, in her appeal, did not take exception to the form or substance of the sentence and that the judgment of the Supreme Court, passing upon all of the issues raised by her then, is now final, and therefore the sentence and the judgment, as well as the death warrant of the Governor, are legal in every respect.

The warrant of the Governor directed to the Sheriff of Calcasieu Parish orders him to execute the prisoner by electrocution on the tenth day of August, 1942, between the hours of 12:00 o'clock noon and 3:00 o'clock p. m., within the walls of the Parish Jail in a room entirely cut off from view of all, except those permitted by law to be there. The warrant tracks the provisions of Act No. 14 of 1940 in every respect and no complaint is made against it by the relatrix in that regard.

· Article 1044 of Dart's Criminal Statutes reads as follows:

"Murder.—Whoever shall commit the crime of wilful murder, on conviction thereof, shall suffer death." R.S. § 784.

Article 523 of the Code of Criminal Procedure provides:

"Sentence must be pronounced orally and in the presence of the accused and be recorded in English on the minutes of the court. No other formalities are requisite to its validity."

■ The judgment orders that the sentence of death be executed in the manner provided by law. Under our law, the penalty for the crime of murder has always been death. At the time of the commis-sion of the crime in this case, the manner of execution of the death sentence was by hanging. This mode of execution of the death penalty was changed by the provisions of Act No. 14 of 1940, to electrocution, as the method of putting a person convicted of a capital offense to death. The purpose of the sentence of the court in a criminal case is to formally pronounce the penalty provided by law for the crime for which the jury has finally convicted the accused. In this case there is no conflict between the sentence, the judgment, the statute, and the Governor's warrant ordering the prisoner to be executed by electrocution. The execution of the death sentence of the court in criminal cases is an executive function and the accused is not entitled to complain unless the mode of execution provided in the warrant of the Governor is contrary to the statute, which was enacted by the legislative department. The Governor's warrant is in exact conformity with the provisions of the statute—Act No. 14 of 1940—and the relatrix does not attack it as being at variance with the law.

■ The issuance of the warrant of execution of a death sentence in Louisiana is an executive and not a judicial function, and the law providing for the manner of execution controls and governs the Executive Department in carrying out the death sentence of the court. · Obviously, if the Chief Executive of the State were to undertake to order the execution of the death sentence in a manner and form different from that provided for in the statute, a case for the interpretation of the law by the judicial authority would be presented.

However, when the executive authority undertakes its responsibility in full compliance with the law in carrying out a death sentence, a case is not presented for the exercise of the authority of the judiciary of the State.

The main complaint of the relatrix is that for many years under the previous law of this State, it has been customary to provide in the judgment or sentence of death the manner or mode of execution of the prisoner (i. e., death by hanging), and that this was a safe and definite way of carrying out the law and should have been followed.

Even if it be conceded that stipulating in the judgment of sentence the manner and mode of the execution of the death sentence was the better practice, it is observed that the relatrix has not pointed to any law that shows, under the facts and circumstances of this case, she is being deprived of any legal right, or is about to be executed in a manner and by a means contrary to the law as it exists today. Her attorneys were aware of the fact that the judgment of sentence was to be carried out according to law, at the time her appeal was finally passed upon by this Court and did not then raise this issue. State v. Henry, 200 La. 875, 9 So.2d 215.

Having failed to show that she was in any way prejudiced or was unlawfully deprived of any right, the trial judge properly refused to grant a preliminary injunction to restrain the sheriff and his deputies from the performance of their duties in carrying out the sentence of the court and the death warrant of the Governor.

With reference to the contention that Act No. 14 of 1940 is unconstitutional because it is an ex post facto law, it is sufficient to say that this Court passed upon this identical question in the case of State v. Pierre, 200 La. 808, 9 So.2d 42, and held that the Act was not unconstitutional. Thereafter, the accused applied to the Supreme Court of the United States for a writ of certiorari, which was denied on October 12, 1942. See, State of Louisiana ex rel. Hugh Pierre v. Honorable Sam Houston Jones, Governor of Louisiana, 63 S.Ct. 64, 87 L.Ed. ——.

For the reasons assigned, the judgment of the district court dismissing the relatrix" suit is affirmed.

ROGERS, J., absent.