11 So.2d 16

**ILES v. FLOURNOY, Sheriff.**

No. 36888.

Nov. 4. 1942.

Rehearing Denied Nov. 30, 1942.

See, also, State v. Iles, 201 La. 398, 9 So.2d 601.

Ben F. Roberts, of Shreveport, for relator. ·

James U. Galloway, of Shreveport, for respondents.

HIGGINS, Justice.

The relator applied to this Court under its supervisory jurisdiction for writs of certiorari and prohibition to review the judgment of the district court sustaining the exceptions of no right and no cause of action filed by the State and dismissing his suit in which he applied for a writ of injunction against the sheriff of Caddo Parish, his deputies, agents, and representatives, to enjoin them from carrying out the death warrant of the Chief Executive of this State, authorizing and directing the execution of the death sentence by electrocution, under the provisions of Act 14 of 1940.

He attacked the constitutionality of the statute as being in violation of Section 27 of Article 3 of the Constitution of 1921, in that Act 14 of 1940 specifically provides that it would become effective on June 1, 1941, whereas, the Constitution provides that an act of the Legislature shall go into effect on the twentieth day after it adjourns, and the adjournment took place on July 11, 1940.

In the alternative, he pleaded that the sentence of the district court and the executive death warrant based thereon were null and void because the trial judge sentenced him "to death in the manner and form provided by law" and that, therefore, the judicial department left to the discretion of the executive department the judicial function of interpreting the doubtful and indefinite sentence of the court.

We granted the writs with a stay order and the case was submitted to this Court on October 16, 1942.

In the case of Mrs. Annie Beatrice Henry v. Henry A. Reid, Sheriff of Calcasieu Parish, 201 La. 857, 10 So.2d 681, this day decided by us, these identical questions were raised and we held that they were not well founded and affirmed the judgment of the district court dismissing the suit for the reasons assigned therein. It is our opinion that the trial judge, in the instant case, properly dismissed the relator's suit, the only difference between the two cases being that in the present one, at the time of the commission of the crime of murder on November 14, 1941, the electrocution statute had previously gone into effect, whereas, in the Henry case, the manner and mode of executing the death penalty for murder was by hanging, under the previous

law in effect at the time of the commission of the crime.

For the reasons assigned, the judgment of the district court sustaining the exceptions of no right and no cause of action, and dismissing the relator's suit, is affirmed.

ROGERS, J., absent.