ODOM, Justice.
 

 The defendant was convicted of the crime of murder and on June 8, 1940, was sentenced to suffer death by being “hanged by the neck until dead”. He appealed to this court, and the verdict and sentence were affirmed on November 4, 1940. 196 La. 374, 199 So. 220.
 

 The infliction or imposition of the death penalty was in conformity with law. Section 784 of the Revised Statutes provides that “Whoever shall commit the crime of * * * murder, on conviction thereof, shall suffer death”.
 

 At the time the defendant was convicted and sentenced, the law provided that every sentence of death imposed in this state should be executed by “hanging the convict by the neck until he is dead” (Code of Criminal Procedure, Article 569) ; so that the sentence imposed and the method of executing it, as specified ip the judgment, were in strict conformity with the law which existed at that time.
 

 The sentence of death imposed upon the defendant has not been executed. After the death sentence was imposed and while the case was pending on appeal, the Legislature of 1940 adopted Act No. 14, page 79, which amended and re-enacted Articles 569 and 570 of the Code of Criminal Procedure “relative to the method of inflicting the sentence of death”. Article 569 of the Code, as amended, provides that “Every sentence of death imposed in this state shall be by electrocution”.
 

 On June 30, 1942, after Act No. 14 of 1940 had become effective, the defendant
 
 *172
 
 on motion of the district attorney was brought into the district court of Calcasieu Parish, the court in which the verdict was rendered and by which the death sentence was imposed, in order that the sentence might be amended so as to conform with the statute of 1940, which, as already stated, changed the method of inflicting the death penalty from hanging to electrocution. The defendant through counsel filed a plea to the jurisdiction of the court, alleging that he had been convicted and sentenced by that court, that he had appealed to the Supreme Court, that the verdict and sentence had been affirmed, and that “this Court [the district court] is therefore without jurisdiction again to bring him before this Court and sentence him for the reason that the Court has lost complete jurisdiction in this case”.
 

 The court overruled the plea and ordered the defendant “to pay the death penalty by being electrocuted in the manner and form prescribed by Act No. 14 of the Regular Session of the Legislature of the State of Louisiana, for the year A. D. 1940”, and amended its original judgment accordingly. The defendant appealed from the ruling of the court.
 

 Counsel for defendant in his plead- ' ings raised certain other issues, all of which were presented and decided adversely to his contention in the case of State ex rel. Pierre v. Jones, Governor, 200 La. 808, 9 So.2d 42, and the cases of Mrs. Annie Beatrice Henry v. Reid, Sheriff, 10 So. 2d 681,
 
 [1]
 
 and George L. Iles v. Flournoy, Sheriff, 11 So.2d 16,
 
 [2]
 
 the latter two cases having been decided on November 4, 1942. These issues have been abandoned by counsel, so that the only issue before us is whether the district court was vested with jurisdiction to amend its original sentence or judgment to the extent only of making it conform with the then existing law relating to the method of inflicting the death penalty.
 

 The court did, we think, have jurisdiction for that purpose. Counsel says in his. brief (he did not argue the case orally) that, after the accused had been sentenced and after his case had been decided by this court on appeal, the district court had lost jurisdiction and had no right “to call the case before it again and change the sentence”.
 

 We find no merit in counsel’s argument, for the reason that the court did not “change the -sentence”, but merely amended its decree so as to make it conform to the existing law relating to the method of executing the sentence. The word “sentence”, as used in criminal law, means “the pronouncement by the judge of the penalty or punishment as the consequence to the defendant of the fact of his guilt”. It is the action of the court “declaring the consequences to the convict of the facts ascertained”. “A sentence is a judgment on conviction for crime.” (See 38 Words and Phrases, Perm.Ed., page 597 et seq., under the general heading “Sentence”.)
 

 To sentence one convicted of crime means “to pass or pronounce judgment on” him; “to doom”; “to condemn to punish-
 
 *174
 
 merit”.- (Webster’s New International Dictionary)
 

 After the defendant was convicted “as charged” of the crime of murder, it was the function and duty of the judge to pronounce the penalty or punishment to be inflicted upon him which the law exacts in all such cases, which penalty is death. The sentence imposed was a judgment ordering that the defendant suffer the penalty of death as punishment for the crime which he had committed, and the reference in the judgment to the method of executing the penalty was in no real sense a part of the judgment. The method of executing a death sentence is prescribed by law. It was therefore not necessary to refer in the judgment to the method of executing the sentence imposed. In the case of Mrs. Annie Beatrice Henry v. Reid, supra, the judgment ordered that the sentence of death be “executed in the manner provided by law” [201 La. 860, 10 So.2d 682], and we approved the sentence.
 

 Act No. 14, page 79, of 1940, did not change the punishment for the crime of murder, but merely substituted electrocution for hanging as the method of inflicting the punishment. The defendant has been condemned to suffer the penalty of death, and it is not suggested by counsel that this penalty can be changed by any judicial proceeding. Defendant has exhausted all his legal remedies. He was convicted as charged of the crime of murder, was sentenced to death by the judge of the district court, and appealed to this court, where the verdict and sentence were affirmed. Counsel’s sole argument here is that the district court was not vested with jurisdiction to amend the sentence with reference to the method of executing the penalty. He says in his brief that “Possibly this High Court might be considered to have the power to send such a case back to the lower court for correction of sentence”. It would he a vain and useless ceremony for this court to remand the case with instructions that the judge of the district court do what he has already done. It is not suggested that the steps taken in the district court were in any way prejudicial to the defendant or that he was thereby deprived of any legal right.
 

 In State v. Johnson, 144 La. 735, 81 So. 293, 295, the defendant was sentenced to death, and it was ordered that he be hanged in the state • penitentiary, in accordance with Act No. 61 of 1910, which was in effect at the time the sentence was imposed. Before the sentence was executed, the Legislature adopted Act No. 133 of 1918, which provided that a death sentence should be executed in the parish in which the crime was committed, and repealed the former law. The defendant contended that the new statute operated as a legislative pardon, and asked that the judgment and verdict be set aside and that he be discharged. This contention was -overruled by this, court. In that case the question whether the district judge was vested with jurisdiction to modify the sentence so as to make it comply with the repealing a'ct seems to have arisen, and as to that question this court said: “In the more recent case of State v. Werner and Fazende (No. 23180 on the docket, recently decided) [144 La. 380], 80 So. 596 [6 A.L.R. 1601], the
 
 *176
 
 Attorney General suggested that the place of execution had been changed by the Act of 1918 from the penitentiary at Baton Rouge to the parish in which the crime had been committed, after the appeal had been lodged in this court, and that the judgment of the court be amended so as to order the execution in accordance with the present law; and the court so ordered. This change in the judgment might have been ' left to the district court after the judgment in the case had been affirmed by this court, as there would have been no change in the sentence, and the modification of the judgment made by the district judge would have been simply in conformity with the act of 1918. That course was pointed out in State v. Jonas and Sam, 6 La.Ann. 695, and in State v. Joshua, 15 La.Ann. 118. See, also, 16 C.J. §§ 3080, 3250, 3252, 3253; State v. Summers, 9 Nev. 269; Schwab v. Berggren, 143 U.S. 442, 12 S.Ct. 525, 36 L.Ed. 218; In re Cross, 146 U.S. 271, 13 S.Ct. 109, 36 L.Ed. 969.”
 

 In the case of State ex rel. Pierre v. Jones, supra, we ordered that Pierre be taken before the Twenty-fourth Judicial District Court for the Parish of St. John the Baptist, the court in which he was convicted and sentenced, in order that the' sentence against him might be amended so as to comply with the provisions of Act No. 14 of 1940. The reason we entered that order was that the case came to this court on appeal from the Nineteenth Judicial District Court for the Parish of East Baton Rouge, where the defendant Pierre had sought a writ of injunction prohibiting the Governor from ordering the sentence executed. It was necessary, therefore, that the case be sent back to the district court of St. John Parish in order that the judge of that court might amend his judgment.
 

 For the reasons assigned, the judgment appealed from, which "overruled the exception to the jurisdiction and amended the sentence so as to make it conform with the existing law, is affirmed.
 

 ROGERS, J., absent.
 

 [1]
 

 201 La. 857.
 

 [2]
 

 202 La. 20.