ELLIS, Judge..
This is an appeal by the plaintiff from a judgment denying him damages to his automobile as a result of striking a horse belonging to the defendant which plaintiff alleged was standing on a public highway of the State of Louisiana in violation of the stock law, at apparently 5:30 A.M. on January 25, 1951.
Plaintiff takes the position that the provisions of LSA-R.S. 3:2851 are applicable to the case at bar and that it was negligence per se for the defendant to allow or have his horse on said Highway No. 7, and that the provisions of LSA-R.S. 3:2859 do not apply to horses, mules, donkeys and asses, but if they do apply, it is only as to other types of livestock.
On the other hand, it is defendant’s contention that LSA-R.S. 3:2859 does apply and that as there is no proof in the record that Highway No. 7 upon which the accident occurred had ever been designated as one of the paved, blacktopped or asphalt treated highways where the running at large of livestock was dangerous as required by said provisions of the law arid as there was no evidence of negligence on the part of the defendant in the record, the judgment was correct and should be affirmed.
LSA-R.S. 3:2851 and 3:2859 read respectively as follows:
“Livestock not to go on paved, blacktopped and asphalt treated highways. It shall not be lawful for horses, mules,donkeys, or asses to go on the paved, black-topped and asphalt treated highways of the state system and the rights of way therefor. Added Acts 1950, 2nd Ex.Sess., No. 12, § 1.”
“Designation of paved, black-topped and asphalt treated highways
“The director of highways shall designate the paved, black-topped and asphalt treated highways where the running at large of livestock is dangerous, and shall publish such designation in the state’s official journal once a week for three weeks, and shall publish notice of such designation or extracts of such designation in a newspaper *365 published in each parish wherein any part of any highway so designated is situated, which notice or extract shall contain all pertinent information contained in the designation published in the official journal and a description of the highways or parts thereof, located in the parish where it is to be published, omitting all highways or parts thereof in other parishes. When the designation and notices or extracts of such designation are published as provided in this Section, the provisions of this Part shall be given full force and effect. Added Acts 1950, 2nd Ex.Sess., No. 12, § 1.”
The only evidence of any negligence on the part of the defendant is the fact that he permitted the horses to be at large on the highway, however, if LSA-R.S. 3:2859, supra, is applicable, and as the record is totally devoid of any proof that the Director of Highways has designated Highway No. 7 in St. Tammany Parish as a dangerous highway in accordance with its provisions, under the general law of this State and the jurisprudence and the fact that there is no local ordinance or general law prohibiting owners from permitting their stock to run at large, the owner is not negligent in doing so. Demarco v. Gober, 19 La.App. 236, 140 So. 64.
As stated by the district court, it is necessary to determine whether or not the provisions of- LSA-R.S. . 3:2851 and 3:2859 made it unlawful for the defendant to permit his horse to be at large on Highway No. 7 in the Parish of St. Tammany.
The cited and quoted Sections, supra, are contained in Part 7, Chapter 18 of Title 3 of the Revised Statutes of the State of Louisiana for the year 1950 and became law as the result of the enactment of Act No. 12 of 2nd Ex.Sess. of the Legislature of Louisiana, for the year 1950, the title of which Act reads in part:
“To amend Chapter 18 of Title 3 of the Louisiana Revised Statutes of 1950 by adding thereto a new part to be designated as Part III thereof, prohibiting the running at large of horses, mules, donkeys or asses upon the paved, blacktopped and asphalt treated highways of the state and the rights of way thereof, to be designated as provided in this act, * *
It is thus seen -from the Title as well as the cited section that the Director" of Highways “designate the paved, black-topped and asphalt treated highways where the running at large of live stock is dangerous * * * ”, and that “ * * * When the designation and notices or extracts of such designation are published as provided in this section, the provisions of this part shall be given full force and effect. * * * ” (Emphasis added.)
While the District Judge in his able written opinion has cited the case of Henry v. Reid, 201 La. 857, 10 So.2d 681, and Iles v. Flournoy, 202 La. 20, 11 So.2d 16, as upholding the proposition of law that although Section 27 of Article III of the Constitution of 1921 provides that all laws enacted shall go into effect the 20th day after the Legislature shall have adjourned at ,12 o’clock noon, the Supreme Court in the cases cited held that the Legislature had the power to postpone the effective date of a law that it had passed. The, plaintiff is not contesting the correctness of this holding on appeal.
The lower court was correct in arriving at the conclusion that “under the plain provisions of this law it was incumbent on this plaintiff to prove that the Director of Highways had published in the official journal of St. Tammany Parish a designation of Highway No. 7 in -the Parish of St. Tammany as a highway on which it was dangerous for horses, mules, etc., to run at large. Not having done this, he had failed in an essential element of his proof.
Having failed to prove that it was unlawful for the horse to be on Highway No. 7 and having failed to prove that the defendant was guilty of some fault or negligence in his ownership or possession of the animal, he cannot recover under Article 2321 of the LSA-Civil Code as interpreted by the Supreme Court in the case of Tripani v. Meraux, 184 La. 66, 165 So. 453.
The judgment of the District Court is affirmed.