FOURNET, Justice.
 

 The defendant, Finnon Burks, was jointly indicted with Annie Beatrice Henry for the murder of J. P. Calloway but was tried separately, his co-principal having been granted a severance, and from his conviction and sentence to hang he prosecutes this appeal.
 

 It appears that Burks and Mrs. Henry, in order to carry out a preconceived plan to rob a bank, held up the deceased, with whom they had obtained a ride while hitchhiking, and that, after he had been robbed of his worldly goods and his car — his clothing having been removed in order to delay pursuit in the event his body was found — he was shot while on his knees begging for his life. According to the version of the defendant, who made a complete and detailed confession of the crime both at the time of his arrest, to the sheriff in the presence of three witnesses, and while testifying in his own behalf during-the trial, the actual shooting was done by his co-principal, Mrs. Henry. He did not ask for an acquittal but sought to have a qualified verdict of guilty as charged without capital punishment rendered by the jury.
 

 During the course of th.e trial five bills of exception were reserved by the defendant, but he relies mainly for the reversal of his conviction and sentence upon the one dealing with a portion of the closing argument of the assistant district attorney, who, with a copy of the statute in his hand,.
 
 *377
 
 said: “I am going to ask the Judge to charge you about the law here about pardon and commutation of sentence and that the average term served by prisoners sentenced to life imprisonment is not more than ten years.” This, he contends, constitutes reversible error unless we overrule the decision in the case of State v. Johnson, 151 La. 625, 92 So. 139.
 

 In every capital case, under the express provisions of Article 409 of the Code of Criminal Procedure and Section 1000 of the Revised Statutes, the jury have the right to qualify their verdict by bringing in a verdict of guilty “without capital punishment,” and the district judge is required to so instruct them.
 

 It was held in the case of State v. Satcher, 124 La. 1015, 50 So. 835, 838, that it was not reversible error for the trial judge to charge the jury in a capital case upon the amount of punishment attached to each verdict they might render. In that case “* * "* the judge, after correctly instructing them as to the punishment attached .to murder, murder without capital punishment, and manslaughter, added, further, ‘under the law of commutation for good time service, under a verdict of “guilty, without capital punishment,” the term of imprisonment is claimed by some, and may be the rule, would amount to a period of fifteen years.’ * * * ” This court, disposing of defendant’s bill of exception reserved on this point, said: “The meaning of the explanation given by the judge plainly was that, whilst the sentence upon a verdict of guilty of murder without capital punishment would be imprisonment at hard labor for life, the party so sentenced might, by good behavior, have his term of imprisonment shortened to 15 years; and we are unable to discover in what way the defendants were thereby prejudiced, the fact being, that under the last proviso of Act No. 160 of 1902 * * *, the term of imprisonment may be made even less than 15 years.”
 

 In the Johnson case [151 La. 625, 92 So. 142] this court held it to be reversible error for the district attorney in his closing argument to the jury to state^over defendant’s objection and especially when the record did not show “ * * * that the subject of the remarks was referred to in the general charge of the judge to the jury”- — in substance, that “The law which authorizes the jury to qualify- its verdict, is a farce, and means nothing to you as jurors; you should pay no attention to such a law; you should hang the accused, and, if you do not, he will be paroled in a few years and let loose upon society. If you will send him to the gallows, he will be beyond the reach of the board of parole.” In that case the court, commenting, stated that “The harmful effect of such an opinion of the law officer and of such an intemperate appeal to the jury must be apparent, especially when it carried with it the sanction and approval of the judge * *
 

 The record reveals, as disclosed by the trial judge in his per curiam to this bill of exception, that:
 

 “The request made -by the Assistant District Attorney that the Court charge the jury as to the law relative to pardons and parole was prompted by the argument of
 
 *379
 
 defendant’s counsel. Counsel for the defense pictured life imprisonment as the proper punishment for the defendant in this case, and by inference at least sought to impress the jury with the fact that a ■sentence of life imprisonment would mean incarceration in the Penitentiary for the balance of the defendant’s natural life.
 

 “In the charge to the jury the Court made the simple statement that a verdict of .guilty without capital punishment would mean that defendant would be sentenced to the Penitentiary for the remainder of his natural life, subject to the laws relative to pardons and parole, but that the jury was not concerned with the law relative to pardon and parole.”
 

 While it is the province of the -court to instruct the jury on the law, the district attorney, as well as counsel for the defense, has the right to discuss the law applicable to the facts pf the case. The fact' that in the case at bar the assistant district attorney stated he was going to ask the judge to charge the jury on the law with respect to pardons and parole does not necessarily constitute reversible error. This is particularly true in this case in view -of the fact that the trial judge properly instructed the jury as to the law on the ■subject. The argument of the assistant district attorney was prompted by the plea of the defendant who was not seeking to •exonerate himself but was asking the jury to return a qualified verdict. Moreover, the criticism presented in the Johnson case does not occur in this case.
 

 The remaining bills are without merit,'all being leveled at the fact that the defendant was not warned by any of the officers who testified with respect to his confession to them that what he said would be used against him, since there is no law on our statute books requiring that the accused be warned or cautioned that his statements may be used against him and the universal rule at common law, making such cautioning unnecessary, has been unanimously followed in our jurisprudence. State v. Hogan, 117 La. 863, 42 So. 352; State v. Howard, 127 La. 435, 53 So. 677; State v. Besancon, 128 La. 85, 54 So. 480; State v. Canton, 131 La. 255, 59 So. 202; State v. Doyle, 146 La. 973, 84 So. 315; State v. Birbiglia, 149 La. 4, 88 So. 533; State v. Smith, 156 La. 818, 101 So. 209; and State v. Terrell, 175 La. 758, 144 So. 488.
 

 For the reasons assigned the conviction and sentence are affirmed.