508 P.2d 1344

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Ronald EVANS, a/k/a "Smokey", Defendant-Appellant.**

**No. 1007.**

Court of Appeals of New Mexico.
March 30, 1973.

John H. Lawless, Jr., Alamogordo, for defendant-appellant.

David L. Norvell, Atty. Gen., Harvey Fruman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

Defendant was convicted on two counts of unlawful sale of marijuana (§ 54–9–3, N.M.S.A.1953 (Repl.Vol. 8, pt. 2) (Repealed)) and sentenced to two concurrent terms of not less than two and not more than ten years. On appeal defendant contends: (1) that the trial court erred in denying his motion for a change of venue due to extensive pre-trial publicity and, (2) that the trial court erred in refusing to give two instructions tendered by defendant, defendant's instructions Number 1 and Number 4.

We affirm.

Prior to defendant's apprehension and subsequent conviction there had been much publicity given to the problem of drugs, the

difficulties of apprehending drug "pushers" and the various possibilities for eliminating drug use in the community. Sometime before defendant's arrest a reward procedure known locally as the "TIP Program" was initiated in Otero County by which persons could call a telephone number, give information about possible drug abuse and perhaps be eligible for a reward. Defendant introduced many exhibits consisting of newspaper clippings and transcriptions of radio broadcasts showing the extent and duration of both the "TIP Program" publicity and the publicity given to the drug problem generally. In addition, defendant introduced similar evidence dealing with a drug raid held on January 22, 1972 which resulted in defendant's arrest and news articles which named defendant specifically as one of the persons arrested in the raid. Of the many exhibits on the issue of pre-trial publicity introduced by the defendant, he was specifically named in only two as having been arrested in the January 22 drug raid. He contends that this publicity jeopardized his right to an impartial and unbiased jury in Otero County and that he should have been granted a change of venue to some location less tainted by the pre-trial publicity on the drug problem.

The trial court conducted a lengthy hearing on the issue of pre-trial publicity and the motion for a change of venue. At the conclusion of this hearing the court denied the motion and made the following findings:

"1. None of the publicity in the news media of Alamogordo and Otero County was shown to be prejudicial to the Defendant.

"2. It was not shown that the Defendant is well known in Alamogordo and Otero County.

"3. The TIP Program in Otero County was the establishing of a telephone number where persons could call and give information concerning sale or use of drugs, without having to give their name and if such information lead to the conviction of a drug pusher, such person could be eligible for a reward.

"4. A large number of people in the State of New Mexico as well as the United States are very much aware of the drug abuse programs and publicity concerning same. The Defendant has not shown that the people of Otero County are more aware of these programs than people in any other part of the State of New Mexico and if they were, that this would prevent Defendant from obtaining a fair and impartial Jury in Otero County.

"5. The Court finds that the Defendant can receive a fair and impartial Jury before which to stand trial."

A motion for change of venue which is disposed of after a hearing and upon stated findings will not be disturbed on appeal unless a clear abuse of the trial court's discretion can be shown. State v. Foster, 82 N.M. 573, 484 P.2d 1283 (Ct. App.1971); Deats v. State, 80 N.M. 77, 451 P.2d 981 (1969). In order to show abuse of discretion in denying a motion for change of venue based upon improper pre-trial publicity the burden of persuasion is on the defendant and he must sustain this burden even if the State offers no contradictory evidence whatsoever. State v. Foster, supra. Defendant has made no showing in our opinion that there was even the likelihood of prejudice at his trial. He has shown merely that the problem of drug abuse and the "TIP Program" had been given wide coverage by the news media in Otero County. The publicity given his own arrest appears to be nothing more than the conventional coverage given arrests by news media everywhere. He was not named in the earlier news items or in anyway referred to specifically. Generalized publicity given to social problems such as drug abuse and publicity given to such things as the "TIP Program" does not give rise to the sort of inflammatory or prejudicial news coverage necessary to warrant a change of venue. Defendant's reliance on

Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965) is misplaced; the abuses in Estes were in no way akin to the publicity given defendant's arrest. Cf. Sheppard v. Maxwell, 384 U.S. 333, 86 S. Ct. 1507, 16 L.Ed.2d 600 (1966).

■ Defendant's requested instruction Number one, refused by the trial court, stated in pertinent part:

"The Statutes under which this Indictment is brought read as follows:

"54–9–3. Possession, planting, manufacture, sale, delivery prohibited—Exceptions.—No person shall plant, manufacture, sell, deliver or have in his possession any marijuana. . . .

"54–9–4. Penalties:

. . . . . .

C. Any person who has in his possession marijuana with intent unlawfully to sell, deliver or otherwise dispose of, or who sells, furnishes, gives away or delivers the marijuana to another person is:

(1) for the first offense, guilty of a third degree felony;"

The trial court's instruction Number 7 duly instructed the jury on § 54–9–3, supra, in the express statutory language. At trial defendant argued that the portion of the instruction based on § 54–9–4, N.M.S.A. 1953 (Repl.Vol. 8, pt. 2, Supp.1971), was necessary because "it sets forth the unlawful intent, without which a crime does not exist." But this objection disregards the court's instruction Number 6 which required that the jury be satisfied beyond a reasonable doubt "[t]hat the defendant did knowingly and intentionally sell marijuana." In his brief-in-chief defendant contends that the § 54–9–4 instruction, supra, was necessary so that "the jury be appraised of the offense for which he was on trial." Section 54–9–4, supra, goes only to the possible penalties to be imposed upon one convicted under § 54–9–3, supra. Sentencing is not normally within the jury's province in non-capital crimes. It has long been settled in New Mexico that the jury's

function is to determine guilt or innocence, not to participate in the imposition of punishment. "It was no concern of the jury what punishment the law prescribed." State v. Ellison, 19 N.M. 428, 144 P. 10 (1914). The instructions tendered by the trial court contained all the necessary elements of the offense including the requisite intent. There was no error in refusing to give defendant's requested instruction Number one.

■ As his requested instruction Number 4, defendant proffered a verdict form which stated:

"VERDICT

WE, the Jury, find the Defendant guilty in the manner and form as charged in the indictment and recommend clemency."

The verdict forms actually used by the trial court contained no mention of clemency. Defendant claims that "We can only speculate as to what the jury might have done if they had been given the form of verdict requested by the Defendant."

This argument disregards the fact that the trial court did instruct as to clemency in its instruction Number 20:

"Under the laws of this State, the penalty is assessed by the Trial Judge so that, by your verdict, you will only say whether the Defendant is guilty or not guilty. In the event of a verdict of guilty you or part of you may, however, recommend the Defendant to the clemency of the Court, and any such recommendation will receive due consideration."

The jury was instructed on the matter of clemency. The additional submission of a verdict form including clemency language would have been merely cumulative. Moreover, a recommendation of clemency by the jury is advisory in nature and not binding on the trial court's final determination of sentence. State v. Carabajal, 26 N.M. 384, 193 P. 406 (1920). Since the trial court had properly instructed the jury on the matter of clemency in its instruction

Number 20, it was not error to refuse the verdict form tendered by defendant.

Affirmed.

It is so ordered.

SUTIN and LOPEZ, JJ., concur.