298 So.2d 798 (1973)
STATE of Louisiana
v.
Felton BLACKWELL.
No. 53405.
Supreme Court of Louisiana.
October 29, 1973.
On Rehearing June 10, 1974.
Rehearing Denied August 30, 1974.
Robert L. Cole, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, LeRoy A. Hartley, Asst. Attys. Gen., J. Nathan Stansbury, Dist. Atty., Byron P. Legendre, Ronald E. Dauterive, Asst. Dist. Attys., for plaintiff-appellee.
Robert Glass, Jack E. Yelverton, Executive Director, La. Dist. Attys. Assn., for amicus curiae.
BARHAM, Justice.
Defendant was tried and convicted of armed robbery in violation of R.S. 14:64. He was sentenced to thirty years in the state penitentiary without benefit of probation, parole or suspension of sentence. In this appeal he relies on two bills. We consider only Bill of Exceptions No. 2 since it presents reversible error.
That bill was reserved when the trial judge refused to instruct the jury on the penalty provision of the armed robbery *799 statute. Defense counsel had requested that the court instruct the jury as follows:
"Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence."
The court declined to give the requested charge on the basis of State v. Harris, 258 La. 720, 247 So.2d 847 (1971), and noted that it was the province of the court and not the jurors to determine the punishment, in the event they should find the defendant guilty. In Harris, with Mr. Justice Sanders as its organ, this court said:
"The determination of the appropriate penalty and the imposition of sentence in non-capital cases are functions of the judge. The jury is concerned only with guilt. * * *
"We have held that sentence regulations in non-capital cases, such as those relating to mandatory terms, probation, or parole, are inappropriate subjects for the judge's charge to the jury. These matters are foreign to the jury's function of guilt determination and, consequently, form no part of `the law applicable to the case.' See State v. Andrus, 250 La. 765, 199 So.2d 867; State v. Green, 244 La. 80, 150 So.2d 571.

* * * * * *
"* * * sentence regulations form no part of the applicable law to be argued by counsel before the jury. To allow argument of these matters would inject irrelevant considerations into the jury's deliberations as to guilt."
As pointed out by Justice Dixon in his dissent there, this court prior to Harris, had upheld the State's right to inform the jury about pardons and paroles available to the defendant in the event of his conviction in State v. Burks, 196 La. 374, 199 So. 220. Mr. Justice Dixon further stated:
"A large part of the value of the jury system is that a jury might refuse to enforce an oppressive law, even though it be proved that the defendant violated its provisions. The penalty is part of the law. The penalty alone might make a law oppressive.
"The jury ought to know."
The writer of this opinion also dissented in Harris, agreeing with Mr. Justice Dixon's position that the penalty is an essential part of the law. That dissent further noted that penalties are the subject of discussion in the jury room. Jurors gather erroneous information as to penalty from the news media and in the courtroom as they observe other criminal proceedings before being empanelled on a particular case, juries attempt to return verdicts which accord with their understanding or misunderstanding of the penalty which may be imposed after a consideration of whether they wish to act with mercy or with harshness; therefore, jurors should be accurately informed of a necessary part of a crime, i. e., the penalty it carries.
Article 19, Section 9 of Louisiana's Constitution provides:
"* * * The jury in all criminal cases shall be the judges of the law and of the facts on the question of guilt or innocence, having been charged as to the law applicable to the case by the presiding judge."
A crime is defined as an offense against the State in violation of penal law. It is the penalty or penalties which make a law criminal. It cannot be said that the penalty is not an essential part of the law under which one is charged with a crime. Code of Criminal Procedure Article 774 defining the scope of the argument includes argument on "the law applicable to the case". The constitutional requirement that the judge charge the jury as to the law is amplified by Code of Criminal Procedure Articles 802-808. They specify particular matters which must be charged; they prohibit the judge from charging or commenting upon the facts. There is no constitutional *800 prohibition against informing a jury of the penalty, or against the jury's imposing the sentence. See McGautha v. California, 402 U.S. 183, 91 S.Ct. 1454, 28 L. Ed.2d 711 (1971).
On our August 20, 1973 opinion day, we handed down two opinions concerned with voir dire examination on the sentence to be imposed in the crime of armed robbery. In State v. Smith et al., 283 So.2d 470 (1973), the majority allowed the State to challenge for cause two prospective jurors who, after being informed on voir dire examination by the State of the severity of the penalty in armed robbery, i. e., up to 99 years without parole, probation or suspension, stated they could not be impartial because that penalty was too harsh. The author of that opinion also authored State v. Harris, where he stated that the jury is only concerned with guilt; sentence regulations form no part of the law to be argued before the jury; to allow such arguments is to inject irrelevant considerations into the jury's deliberations as to guilt. If the State can exclude jurors on the basis of penalty, as it informs the entire jury of the penalty, how could we, in Harris, have said this was an irrelevant issue for the jury's consideration?
On the same docket with Smith, we handed down State v. Drumgo and Curtis, 283 So.2d 463 (1973). During voir dire the State had read the armed robbery statute excluding the penalty provision and had asked a juror if he had any objection to the statute. Objection was made that since the penalty provision was not also read, the question to the juror as to his objections to the law, was improper. A unanimous court stated, with three concurrences, "Thus, it is not mandatory that the jury be informed of the penalty provision of a criminal statute." (Emphasis was supplied in that opinion)
The Harris case and the Smith case pose irreconcilable holdings in regard to whether the penalty is a part of the law to be given to the jury. The dictum in Drumgo and Curtis, which makes the question of permitting the jury to be informed of the sentence discretionary with the trial judge, is not acceptable. This question is too profound, and its effect too important, for us to formulate a discretionary rule allowing one jurisdiction to handle the matter one way, and another jurisdiction contrarily. Uniformity is necessary because of the drastic differences of result which will occur under a discretionary rule.
In the case at bar, after an hour of deliberation, the jury returned to the courtroom to request additional instruction on the responsive verdict of "simple robbery". The court replied as follows:
"Title 14, Section 65 defines Simple Robbery as follows: Simple Robbery is a theft of anything of value from the person of another or which is in the immediate control of another by the use of force or intimidation but not armed with a dangerous weapon. Armed robbery is armed with a dangerous weapon. That's the difference. You all can go back and deliberate, gentlemen."
Some thirty minutes later the jury returned a verdict of guilty of armed robbery. The request indicates that the jury at least considered finding the defendant guilty of the lesser offense of simple robbery. Although the only difference in the elements of armed robbery and simple robbery is the use of a dangerous weapon, the effect of conviction for armed robbery and simple robbery is vastly different with regard to penalty. Simple robbery provides for imprisonment, with or without hard labor, for not more than five years. Armed robbery required imprisonment at hard labor for not less than five and not more than ninety-nine years, without benefit of parole, probation or suspension of sentence. In neither of its charges did the court make reference to the penalty provisions of the statute. Had the jury been instructed as to all of the law applicable to the crime charged, including the penalty provisions of R.S. 14:64, 14:65, a different verdict might have been reached. The jury verdict *801 in and of itself imposed a sentence of at least five years at hard labor which the trial court could not reduce or suspend. Sentence in this case was a joint responsibility of the judge and jury; the jury was entitled to know the heavy burden under which it acted.
Faced with the proposition of whether or not juries should be informed of the penalty provisions of the statutes they are called on to apply, we believe the better rule to be that the jury is entitled to receive this information and should be informed of the penalty provisions applicable. For the present, however, we hold that if requested, the penalty must be made a part of the court's charge, and when not requested, the penalty may be included in that charge. State v. Andrus, 250 La. 765, 199 So.2d 867 (1967), and State v. Green, 244 La. 80, 150 So.2d 571 (1963) are specifically overruled.
We also hold that the penalty may be a subject of voir dire examination and that jurors may be challenged for cause or peremptorily accordingly as the facts are developed in the particular case. Moreover, the harshness, oppressiveness and effect of the penalty are proper subjects for argument by either counsel. State v. Harris, 258 La. 720, 247 So.2d 847 (1971) is specifically overruled. This rule is limited to the statutory penalty provisions themselves. The possibility of parole, pardon, suspension or probation, unless contained in the statute, is not a part of the law of the case and is not a proper subject for jury voir dire, argument or charge.
We reverse defendant's conviction and sentence.
SANDERS, C. J., dissents and assigns written reasons.
SUMMERS, J., dissents and assigns written reasons.
MARCUS, J., dissents.
SUMMERS, Justice (dissenting).
Bill of Exceptions No. 2 was reserved when the trial judge refused to charge the jury on the penalty provision of armed robbery, relying upon our decision in State v. Harris, 258 La. 720, 247 So.2d 847 (1971). There, upon established authority, State v. Andrus, 250 La. 765, 199 So.2d 867 (1967) and State v. Green, 244 La. 80, 150 So.2d 571 (1963), we held that it was the prerogative of the judge and not the jury, to determine punishment in noncapital cases. See also State v. Morris, 222 La. 480, 62 So.2d 649 (1953). The decision was correct.
Article XIX, Section 9, of the Constitution and Article 802 of the Code of Criminal Procedure make it clear that the jury in all criminal cases shall be the judges of the law and facts "on the question of guilt or innocence." Just as emphatic is the principle announced in Art. 871 of the Code of Criminal Procedure that the penalty is "imposed by the court". "The word `sentence', as used in criminal law, means `the pronouncement by the judge of the penalty or punishment as the consequence to the defendant of the fact of his guilt'." State v. Burks, 202 La. 167, 11 So.2d 518 (1942). Nowhere in the Articles of the Code of Criminal Procedure (801-808) or in the jurisprudence of this Court is the judge required to charge the jury on the penalty.
These are distinctly separate functions both traditionally and by the quoted authority of the Constitution and Code. These functions have been separate in our system and generally in other jurisdictions. See United States v. Gerhart, 275 F.Supp. 443 (D.W.Va.1967); People v. Winchell, 100 Ill.App.2d 149, 241 N.E.2d 200 (1968); People v. Cole, 382 Mich. 695, 172 N.W.2d 354 (1969); State v. Zuidema, 157 Mont. 367, 485 P.2d 952 (1971); State v. Nelson, 182 Neb. 31, 152 N.W.2d 10 (1967); State v. Evans, 85 N.M. 47, 508 P.2d 1344 (1973); *802 State v. Washington, 283 N.C. 175, 195 S.E. 2d 534 (1973); Commonwealth v. Lucier, 424 Pa. 47, 225 A.2d 890 (1967); 53 Am. Jur. Trial, § 467; 67 A.L.R.2d 245, 295. The reason, of course, is obvious. Penalties are authorized to be affected by post verdict, presentence investigations ordered by the court, La.Code Crim.Proc. art. 875, by giving credit for prior custody, id. art. 880; by amendment, id. art. 881; by making the penalty concurrent or consecutive, id. art. 883; and by terms of probation, id. art. 893-901. See also La. R.S. 15:574.3.
All of these complex ramifications of the sentencing and penalty process are dependent upon a presentence investigation and other factors, some of which are unknown at the time of trial and the determination of which are principally made upon orders issued in the discretion of the trial judge. They cannot be explained to the jury prior to the verdict. Moreover, these functions cannot be performed by the jury. When its verdict is rendered it is discharged, and the penalty then becomes a matter for the trial judge to determine within existing statutory or constitutional authority.
Thus, the imposition of a penalty is the sentencing prerogative of the judge unless the jury is authorized specifically by the constitution or statute. It is, moreover, speculative to assert that instructions to the jury on penalties which may be imposed will affect their determination of guilt or innocence. La.Const. Art. XIX, § 9. To say so is to assert that they will disregard their duty, or that they will not abide by the instructions of the trial judge when advised that the matter of penalty is the prerogative of the judge. La.Code Crim.Proc. art. 774, 802.
The argument is also made that it is invidious discrimination and a deprivation of equal protection to permit a jury to be instructed that it may qualify its verdict in capital cases which mitigate the penalty, La.Code Crim.Proc. art. 817, and not permit instructions concerning the penalty in armed robbery prosecutions. Aside from the fact that the distinction is authorized by statute, the answer is that a different standard of instruction on punishment is reasonable because the crimes are different. There is no inequality involved. Cf. Johnson v. Louisiana, 406 U.S. 356, 92 S. Ct. 1620, 32 L.Ed.2d 152 (1972).
This case commits the court to the proposition that the jury should determine guilt or innocence not on the fact of guilt or innocence alone but upon a sketchy reference to the possible penalty which may be imposed. The myriad variations in suspension, parole, probation, commutation and other aspects of sentencing cannot, as a practical matter, be properly articulated for the jury without confusing the issues and without influencing their judgment with a host of possible penalties which the judge may or may not impose, be they of lesser or greater severity. The range of penalty is ordinarily too great for the jury to anticipate what it will be.
I respectfully dissent.
SANDERS, Chief Justice (dissenting).
This is another in a widening series of recent procedural decisions in which the majority overrules well-established jurisprudence to upset criminal convictions. These decisions seem to overlook the fact that the Legislature is always ready to consider needed changes in our criminal justice system, as evidenced by the adoption within recent years of a comprehensive code of criminal procedure and by the enactment of periodic amendments.
The present case is reversed, because the trial judge refused to give the following instruction to the jury:
"Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence."
The ruling of the trial court was correct under the established jurisprudence. See *803 State v. Harris, 258 La. 720, 247 So.2d 847 (1971); State v. Banks, 258 La. 332, 246 So.2d 191 (1971); State v. Andrus, 250 La. 765, 199 So.2d 867 (1967); State v. Green, 244 La. 80, 150 So.2d 571 (1963); State v. Morris, 222 La. 480, 62 So.2d 649 (1952); 32 La.L.Rev. 342-343.
In State v. Harris, supra, we held:
"[S]entence regulations in non-capital cases, such as those relating to mandatory terms, probation, or parole, are inappropriate subjects for the judge's charge to the jury. These matters are foreign to the jury's function of guilt determination and, consequently, form no part of `the law applicable to the case.'"
As noted by Mr. Justice Summers in his scholarly dissent citing numerous decisions, the Louisiana rule is the prevailing rule throughout the country. 53 Am.Jur.2d, Trial, § 807, p. 596; 23A C.J.S. Criminal Law § 1290b, p. 708.
The rule is correctly stated in 53 Am. Jur., 2d, Trial, § 807, p. 596 as follows:
"In criminal cases where the assessment of the punishment is by the court and not the jury, any instruction as to the punishment is unnecessary and should not be given, because it can be of no aid to the jury in determining the issue of guilt."
In his review of State v. Harris, supra, in 32 La.L.Rev. 343, Dr. Dale Bennett, an eminent authority on criminal procedure, pointed out:
"The remedy, if the penalty for armed robbery is out of line with humanitarian penal concepts, is by legislative action, rather than by judicial perversion of the jury function."
The judicial tampering with the jury function about which the commentator warned has now occurred. I feel duty bound to record my dissent.
For the reasons assigned, I respectfully dissent.

ON REHEARING
CALOGERO, Justice.
Upon original hearing in this case, we reversed defendant's conviction and sentence and ordered him retried, overruling State v. Harris, 258 La. 720, 247 So.2d 847 (1971), and finding that it was error on the part of the trial judge to refuse to instruct the jury as requested by defense counsel upon the penalty provided by law for the commission of the charged crime.[1]
We granted a rehearing on application by the state to reconsider this matter, primarily because the opinion of the Court goes contrary to the legislative scheme which dictates that the jury determine guilt or innocence and the Court impose penalty in Louisiana.[2]
Upon reconsideration, we conclude that State v. Harris should not be overruled, that the trial court made no reversible error in refusing to instruct the jury on the penalty, and that defendant's conviction and sentence[3] should be affirmed.
The jury, in this state, is entrusted with the responsibility for determining guilt or innocence in all criminal cases. La.Const., Art. XIX, Section 9; La.Code Crim.Pro. Art. 802. Once the jury determines guilt, the court imposes sentence. La.C.Cr.P. Art. 871. "The word `sentence', as used by the criminal law, means the pronouncement by the judge of the penalty or punishment as the consequence to the *804 defendant of the fact of his guilt". State v. Burks, 202 La. 167, 11 So.2d 518 (1942).
In those jurisdictions where the jury determines only guilt or innocence and the court imposes the penalty, it is not error for the court to refuse to instruct the jury on possible penalties. The general view is that penalty is simply of no concern to the jury. See State v. Harris, supra; United States v. Gerhart, 275 F.Supp. 443 (D.W. Va.1967); State v. Winchell, 100 Ill.App. 2d 149, 241 N.E.2d 200 (1968); People v. Cole, 382 Mich. 695, 172 N.W.2d 354 (1969); State v. Zuidema, 157 Mont. 367, 485 P.2d 952 (1971); State v. Nelson, 182 Neb. 31, 152 N.W.2d 10 (1967); State v. Evans, 85 N.M. 47, 508 P.2d 1344 (1973); State v. Washington, 283 N.C. 175, 195 S. E.2d 534 (1973); Commonwealth v. Lucier, 424 Pa. 47, 225 A.2d 890 (1967); 53 Am.Jur., Trial, §§ 467, 807; 67 A.L.R.2d 245, 294; 23A C.J.S. Criminal Law § 1290 b.
Our law does not require that the judge charge the jury on penalty, nor, however, does it prohibit such a charge.[3x]
The penalty imposed may follow a presentencing report ordered by the court under the authority of La.C.Cr.P. Art. 875. It may be made to run concurrently with other sentences the defendant may be serving, or it may be made to run consecutive to other sentence(s). La.C.Cr.P. Art. 883. The possibility of parole, probation, suspension of sentence, pardon or commutation, where applicable, may affect the jail term actually served. In short, the penalty imposed by the court upon a jury's finding of guilt is subject to many other considerations divorced from the jury's concern with guilt or innocence. See generally Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).
Defendant argues that it is denial of equal protection of the law to require a jury to be informed of the seriousness of an offense in capital cases and to be denied this information in an armed robbery case, "when in both cases the maximum punishments are nearly identical and in both cases the jury and not the judge determine the sentence." The fallacy of this argument is that a verdict of guilty in a "capital" case (at the time this offense occurred) necessarily resulted in a life sentence, subject to the jury's possibly qualifying the sentence by denying the defendant benefit of parole, probation, commutation or suspension of sentence.[4] However, a verdict of guilty in an armed robbery case does not necessarily result in a maximum 99 year sentence. It only necessarily results in a minimum five year sentence without benefit of parole, probation or suspension of sentence. The difference between a penalty with a minimum permissible five years and one of life imprisonment (the present statute, of course, permits the death penalty) is sufficient to justify informing the capital case jury of the effect of its verdict.
In connection with this problem, we have found particularly persuasive the brief presented by the District Attorney in his application on behalf of the State of Louisiana for rehearing.[5]
*805 The foregoing relates to the defendant's Bill of Exceptions No. 2. There is another Bill of Exceptions (#1) which has not heretofore been considered by the Court because reversible error had earlier been found with respect to Bill of Exceptions No. 2.
That Bill was reserved when the trial judge refused to instruct the jury as requested by the defense that a unanimous verdict was required to convict for armed robbery. Louisiana's Constitution and Code of Criminal Procedure provide that cases in which the punishment is necessarily at hard labor shall be tried by a jury of twelve, nine of whom must concur to render a verdict.[6]
Defendant was tried by a jury of twelve, eleven of whom concurred in the guilty verdict. He contends that the scheme violates the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.
An identical contention was considered and rejected by the United States Supreme Court in the recent case of Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972). In that case the Court held that the Louisiana statute here under attack does not do violence to the due process and equal protection mandates of the Fourteenth Amendment.
*806 Defendant, however, seeks to have us reconsider Johnson in light of the later decision of the United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S. Ct. 2726, 33 L.Ed.2d 346 (1972), striking down the death penalty statutes then before the Court. As a result, the maximum penalty permissible in formerly "capital" cases post Furman and prior to the 1973 Capital offense statutes of Louisiana[7] is life imprisonment without benefit of probation, parole or suspension of sentence. See LSA-C.Cr.P. Art. 817 as amended in 1972.
The argument of the defendant is that Johnson's rationale was based on the difference in penalty between capital and non-capital felonies. Defendant alleges that there is little practical difference between a life sentence and a sentence of 99 years without parole, and that because of this, there is no rational basis for requiring a unanimous verdict in "capital" cases while allowing a person to be convicted of armed robbery on the concurrence of nine out of twelve jurors.
Defendant's argument is persuasive only if the maximum sentences for these classes of crimes are alone considered. There is considerable difference, however, in the minimum sentences which can be imposed in "capital" cases and armed robbery. A defendant convicted of murder, aggravated rape, aggravated kidnapping or treason committed before the 1973 statutes faces a minimum life sentence. A defendant convicted of armed robbery faces a minimum sentence of five (5) years imprisonment. Thus, the seeming logic of defendant's argument is destroyed when the total range of potential penalties for the "capital" crimes as opposed to armed robbery are considered. In the instant case, the defendant was sentenced to thirty (30) years imprisonment, not 99 years. Such a penalty is not synonymous with life imprisonment. This bill is without merit.
For the above assigned reasons, our original opinion is set aside and defendant's conviction and sentence are affirmed.
BARHAM, J., dissents and assigns reasons.
TATE, J., dissents and assigns reasons.
DIXON, J., dissents, with reasons.
TATE, Justice (dissenting).
I respectfully dissent. In my opinion, for the reasons there stated, our opinion on original hearing correctly held that the defendant was entitled to have the jury instructed as to the entire statute for violation of which he is charged, La.R.S. 14:64, defining armed robbery and its penalty. This includes the last paragraph of the statute, providing the penalty for commission of the offense charged to be imprisonment "at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence."
As I view the issue, the "law" which the defendant is charged with violating includes not only the definition of the offense but also the authorized penalty which may be imposed for its commission. The specific penalty authorized by the statute is as much part of the "law" which the defendant is charged with violating, as is the statutory definition included within the same statutory provision (at least, in the absence of legislative provision to the contrary).
La.C.Cr.P. art. 802 mandatorily requires that the trial court: "shall charge the jury: (1) As to the law applicable to the case; (2) That the jury is the judge of the law and of the facts on the question of guilt or innocence, but that it has the duty to accept and to apply the law as given by the court; and (3) That the jury alone shall determine the weight and credibility of the evidence." (Italics ours.)
In my view, as we held in our opinion on original hearing, "The law applicable to the case" includes the entire criminal statute *807 upon which the prosecution is based, including the penalty provision thereof. A strict construction of the code provision, to which the defendant is entitled, requires this conclusion.
The jury, of course, must determine only the question of guilt or innocence, and it must accept and apply the law as given to it by the court. Article 802, above quoted, also requires these principles to be included in the general charge. But I simply cannot see why the jury is required to decide blindly of the penal consequences of its verdict, especially where, as here, the jury was in doubt.[1]
An apparent legislative reason for requiring the court to charge the entire law applicable to the case, subject to an instruction as to these limitations on the jury's powers, is that the jury has the right to know the outer limits of the consequences which its verdict may entail for an accused convicted by itwhether, for instance, its verdict necessarily entails the death penalty,[2] or life imprisonment, or imprisonment in the penitentiary (at hard labor) rather than in the parish jail (without hard labor)as well as have some idea of the maximum imprisonment its verdict may entail. The long-accepted practice of so charging or arguing to the jury in many (if not most) of the judicial districts of this state is witness to the practical soundness of this interpretation of the legislative intent.
I therefore believe that the defendant was denied a substantial statutory right when the trial court did not charge the jury as to the entire law applicable to the state and thus deprived it of its right to know the seriousness of the penalty to which its verdict subjected the accused. Holding to the contrary, seems to me to flout the legislative direction that the jury must be charged "as to the law applicable to the case", La.C.Cr.P. art. 802.
DIXON, Justice (dissenting).
I respectfully dissent.
State v. Harris, 258 La. 720, 247 So.2d 847 (1971), should be overruled. The jury ought to know the consequences of its verdict.
BARHAM, Justice (dissenting).
I dissent for the reasons stated in the majority opinion on first hearing, and the reasons stated in the dissent in State v. Harris, 258 La. 720, 247 So.2d 847 (1971).
NOTES
[1] "Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years without benefit of parole, probation or suspension of sentence." R.S. 14:64.
[2] Cf. La.C.Cr.P. Art. 802 with La.C.Cr.P. Art. 871.
[3] 30 years at hard labor without benefit of parole, probation or suspension of sentence.
[3x] We do not imply, however, that a charge to the jury as to the statutory penalty is necessarily reversible error. State v. Shilow, 252 La. 1105, 215 So.2d 828 (1968); State v. Burks, 196 La. 374, 199 So. 220 (1940); State v. Sweat, 159 La. 769, 106 So. 298 (1925); cf. State v. Banks, 258 La. 332, 246 So.2d 191 (1971). In fact the non Louisiana cases and authorities cited in the preceding paragraph indicates that such is not reversible error. We are aware that many judges in Louisiana regularly charge juries on penalties.
[4] La.C.Cr.P. Art. 817 amended by Act 502 of 1972.

Art. 817 was again amended, by Act 125 of 1973, to render any qualification of a guilty verdict to be without effect. This latter amendment was designed to remove the infirmity in the death penalty statutes (i. e., unbridled jury discretion in imposing, or not imposing, capital punishment) denounced in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).
[5] A portion of that brief is presented herewith:

"The State poses the initial questionof what relevance is it whether or not a Juror possesses accurate or inaccurate information as to the penalty? The function as to the penalty is that of the Court and not the Jury. But it is said that in this case the Court was convinced that the Jury considered finding the defendant guilty of the lesser offense of simple robbery. That the penalties for armed robbery and simple robbery are drastically different. And `had the jury been instructed as to all of the law applicable to the crime charged, including the penalty provisions of R.S. 14:64, 14:65, a different verdict might have been reached.'
"Implicit in such a statement is the fact that the Jury knowing of the harshness of a penalty although convinced that the defendant is guilty of the crime stated, nevertheless believes that the defendant should not be so punished, and therefore acquit the defendant. While this may be noble sentiment and engendered from a feeling of moral conviction, nevertheless, it should be realized that this is not the law. The law is that the Jury is to determine guilt or innocence of an accusednothing more, nothing less. Perhaps our system should provide for the jury to impose the penalty as Ohio's did in the case of McGautha vs. California, (1971) [402 U.S. 183] 91 S.Ct. 1454 [28 L.Ed.2d 711]. Perhaps Louisiana's system should be bifurcated as California's was noted to be in the same decision. Perhaps another system heretofore untested may be the answer. Perhaps... but can this be our guidance?
"This decision must be interpreted as this Court's approval of a verdict of innocence even though guilt be proven beyond reasonable doubt. Such a position is undoubtedly inspired from attention to mercy and judicial temperament. These are salutory ideals. However, there does not now exist an avenue for injecting such into our system. It is the court that, sentences. It is the court which should grant the mercy. This is not the function of the jury.
"It is respectfully submitted that it is the Legislature that should decide whether the jury will or will not impose the penalty and whether the jury will or will not consider the penalty. The Legislature has determined that the court will sentence and the court shall have the opportunity to temper the verdict.
"The Judge may impose a sentence of five years in this case or thirty as he did, or even ninety-nine. Of what importance is this to the Jury? Can the jury return and say we will return a verdict of guilty only if a penalty of no more than ten years is imposed. Surely not. So then we are lead to the conclusion that a jury must, if it is asked by the defendant, be told of the penalty which could be visited upon the accused should he be found guilty. However, the jury will then be told at that point that their decision can only be one of two, guilty or not guilty, or as has been suggested perhaps they could find the defendant guilty of simple robbery. A finding of guilty of simple robbery in this case would make a mockery of our system. The testimony indicated the use of a weapon. Ah, but we say the jury could believe part of the victim's testimony and disregarded a part. It is submitted that once we entertain such speculation, anything is possible. And this leads us inevitably back to the same question, should the jury decide the penalty? Perhaps it should. But that is not the law, and the law is what the Legislature states the law to be."
[6] See La.Const. art. VII, § 41; La.C.Cr.P. art. 782.
[7] Act 502 of 1972, Act 109 of 1973. See also footnote 4.
[1] The jury returned to ask the difference between armed robbery and simple robbery. For a layman, rather than legal jargon of definition, a great practical difference is the much greater severity of penalty: Armed robbery, 5-99 years in the penitentiary without parole, La.R.S. 14:64, as against simple robbery, not more than five years in the penitentiary or the parish prison, La.R.S. 14:65.
[2] As in the case of aggravated rape, La.R.S. 14:42, see State v. Selman, 300 So.2d 467 (decided this date)few, for instance, would deny that a jury should be able to know the death-penalty consequences of its verdict if it finds the accused guilty of aggravated rape (La.R.S. 14:42) instead of simple rape (La. R.S. 14:43) (the latter a responsive verdict punishable at from one to twenty years in the penitentiary), in the sometimes borderline factual situations which may involve the commission of one offense rather than the other.