337 So.2d 1106 (1976)
STATE of Louisiana
v.
Jackie CHATMAN.
No. 57764.
Supreme Court of Louisiana.
September 13, 1976.
Rehearing Denied October 15, 1976.
Charles C. Trascher, III, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Brian E. Crawford, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
The state charged defendant, Jackie Chatman, by bill of information with two counts of aggravated battery. After trial, the jury found him guilty as charged on one count and guilty of simple battery labor on the aggravated battery conviction and to six months in jail on the simple battery conviction, to run consecutively. Defendant does not appeal the simple battery conviction and sentence; on this appeal of the aggravated battery conviction and sentence, he relies upon two specifications of errors.
ASSIGNMENT OF ERROR NO. 2.
Defendant assigned as error the trial court's acceptance of Mrs. Linda Armstrong as an expert to testify in the field of laboratory analysis of dried blood on physical objects. *1107 Mrs. Armstrong is a criminalist with the North Delta Crime Lab in West Monroe with a degree in Medical Technology from Northeast Louisiana University. She works in the department of analysis of controlled, dangerous substances, blood alcohols, serology, etc., and has had college level courses in chemistry. She had worked for two years at Schumpert Memorial Hospital in Shreveport, Louisiana before being employed at the North Delta Crime Lab. She had been qualified as an expert in court approximately 50 times previously. While she had never before testified about dried blood samples, she often testified concerning blood alcohol levels. Most of her lab work consists of analysis of controlled dangerous substances, but when she worked for the hospital for two years most of her work was with blood samples, and she is certified by the American Society of Clinical Pathologists. When she trained for her present position she was taught to deal with blood samples and to determine blood groups, etc.
Defendant acknowledges the well established jurisprudential rule that the competency of an expert witness is a question for the trial judge and that he has wide discretion in the matter that will not be disturbed on appeal in the absence of a showing of abuse of that discretion. See, e. g., State v. Square, 257 La. 743, 244 So.2d 200 (1971). However, he argues that the trial judge in this case abused his discretion since the witness had never before testified as an expert concerning dried blood samples.
In light of the facts related hereinabove concerning the witness' education, training and work experience, she was sufficiently qualified to testify as an expert on the subject for which she was presented. There is no showing that the judge abused his discretion in accepting the witness as a qualified expert and allowing the opinion testimony which was presented.
The assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 4.
Defendant assigns as error the trial court's refusal to permit the defendant to read to the jury in closing argument the penalty provisions of the criminal statute under which he was charged.
The assignment of error is without merit. See State v. Blackwell, 298 So.2d 798 (La. 1974).
Accordingly the convictions and sentences are affirmed.
TATE, J., with regard to assignment No. 4, I concur, although I am still of the opinion that State v. Blackwell, 298 So.2d 798 (La.1974) should be overruled, at least prospectively.
DIXON and DENNIS, JJ., dissent.