337 So.2d 1102 (1976)
STATE of Louisiana
v.
Miguel Angel UNZUETA.
No. 57666.
Supreme Court of Louisiana.
September 13, 1976.
On Denial of Rehearing October 15, 1976.
*1103 Maurice J. LeGardeur, Jr., Covington, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Patrick J. Berrigan, Asst. Dist. Atty., for plaintiff-appellee.
Per Curiam On Denial of Rehearing October 15, 1976.
SUMMERS, Justice.
Appellant Miguel Angel Unzueta was charged by bill of information under Article 64 of the Criminal Code with the armed robbery of Jerome Hart. In a jury trial he was found guilty as charged and sentenced to imprisonment for nine years at hard labor. On this appeal appellant relies on four assignments of error.

I.
Prior to trial, on November 6, 1974, defendant filed a motion for a bill of particulars. One of the thirty-three questions propounded therein inquired: "Had an arrest warrant been issued for the arrest of the defendant at the time he was arrested?" Shortly thereafter, on November 11, the State answered this interrogatory in the affirmative. Later, forty-three days before trial, the State amended the bill of information relative to the quoted interrogatory by stating, to the contrary, that an arrest warrant had not been issued at the time of defendant's arrest. The amendment also advised that defendant was arrested based on information of witnesses to the armed robbery.
It is contended on behalf of the defense that it was an abuse of discretion on the part of the trial judge to allow the amendment. As the argument is understood, allowing the amendment enlarged the proof the State could offer to establish the legality of the arrest. Under the first answer to the bill of particulars the proof of the legality of the arrest could only be accomplished by production of an arrest warrant; whereas, the amended answer to the bill of particulars enlarged the scope of proof the prosecutor could employ and permitted a showing of probable cause for defendant's arrest without a warrant. This latter showing is authorized by Article 213 of the Code of Criminal Procedure, a showing which would not be allowed under the initial answer to the bill of particulars informing that defendant's arrest was based upon a warrant.
According to the argument, if this amendment to the State's answer to the bill of particulars had not been allowed, the trial judge would have been required to suppress defendant's confession as having been obtained as the result of an invalid arrest. This result would follow, it is said, because the State would have been limited under the initial answer to the motion for bill of particulars to the production of an arrest warrant to support the legality of defendant's arrest, and no such warrant existed. Therefore, the confession obtained as a result of an unlawful arrest would likewise be invalid as the fruit of the poisonous tree.
The contention is answered by this Court's decisions in State v. Jackson, 303 So.2d 734 (La.1974), and State v. Harris, 297 So.2d 431 (La.1974), holding that a technical illegality in an arrest does not impair the validity of a subsequent confession freely and voluntarily given after full Miranda warnings.
It is noted that the State was unaware of the fact that defendant had been arrested without a warrant at the time of the initial answer to the motion for bill of particulars. Moreover, the State's amendment corrected the error in ample time prior to trial to permit the defendant to adjust his defense to the newly furnished information.
While the bill of particulars is intended to assure the defendant a full understanding of the charge in order that he might, in fairness, properly defend himself, it was never intended as a trap for the unwary district attorney. It is for this *1104 reason that Article 485 of the Code of criminal Procedure permits the district attorney to cure a defect in a bill of particulars.
There is no merit to this contention.

II.
Defendant was represented by two lawyers. At one time during the trial one of the defense counsels conducted the cross-examination of a State's witness, while the other undertook to raise objections to questions propounded by the State to that same witness. When the State's attorney seemingly objected to the procedure, the trial judge directed that only one defense attorney could be involved in the cross-examination of any particular witness, and only he could interpose objections to the State's questioning of that witness. The same limitation was imposed on counsel for the State.
This ruling, the defense complains, was a limitation upon his right to the effective assistance of counsel prohibited by the Sixth Amendment to the United States Constitution and the decision in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).
Article 17 of the Code of Criminal Procedure recognizes that the trial judge has the duty to require that criminal proceedings shall be conducted with dignity and in an orderly manner. His ruling was in keeping with this mandate and the better practice for orderly conduct of a trial. The effect of the ruling was not to deprive defendant of the effective assistance of counsel, but, on the contrary, was designed to permit counsel to be more effective.
There is no merit to this assignment.

III.
The defense assigns as error the fact that the trial judge refused to charge the jury on the penalty for armed robbery set forth charge, he contends, is required by Article 64 for the Code of Criminal Procedure.[1]
Although the minutes of court disclose that the judge did deny some requested charges, the suggested charge relied on here is not in the record and the Court is not referred to a contemporaneous objection lodged by the defense to the judge's failure to give the charge. Article 841 of the Code of Criminal Procedure requires such an objection.
State v. Blackwell, 298 So.2d 798 (La.1974), held that in those jurisdictions where the jury determines only guilt or innocence and the court imposes the penalty, as is the case in Louisiana, it is not error for the court to refuse to instruct the jury on possible penalties. The general view is that penalty is simply of no concern to the jury. An exception to this rule has been made in this Court in the case of an accused who pleads "not guilty" and "not guilty by reason of insanity". State v. Babin, 319 So.2d 367 (La.1975).
This assignment has no merit.

IV.
In his closing argument the District Attorney made these remarks:
"Maybe on T.V. they always get the guns, but it didn't happen in court. We have convicted him without it."
and later,
"Only one man save the man with the gun in his hand, and as a prosecutor, I wish I had Judge Tanner in that dadgum Friendly Grocery and he could come and testify. I wish I had Father Hotard. . . ."
After each remark defense counsel objected and the trial judge overruled his objection.
This assignment complains that these rulings constituted reversible error. The theory of the defense is that these remarks *1105 were "highly prejudicial", and the remark, "we have convicted him without it", is an impermissible comment, and an expression of personal opinion by the District Attorney contrary to Article 774 of the Code of Criminal Procedure and this Court's decision in State v. Kaufman, 304 So.2d 300 (La.1974).
Considered in the context of the entire record and the principles of law relating to this issue, we find no error in the rulings.
Jerome Hart, the victim of the robbery, testified that defendant had a revolver in his hand when he approached Hart in the grocery store where he was employed and said, "This is a holdup, brother." Thus, although the gun was not produced at the trial, evidence was produced that a gun was used by defendant in the robbery. Reference to the gun, therefore, was a permissible comment upon the evidence. Such a comment, though prejudicial, is proper and authorized by Articles 774 and 921 of the Code of Criminal Procedure[2] and the jurisprudence of this State. State v. Lockett, 332 So.2d 443 (La.1976); State v. Curry, 262 La. 280, 263 So.2d 36 (1972); State v. Dennis, 250 La. 125, 194 So.2d 720 (1967).
The prosecutor's remark, "we have convicted him without it," is likewise authorized by Article 774 as a conclusion of fact that the State may draw from the evidence admitted (Hart's testimony that a revolver was used) and to the lack of evidence (the failure to produce the revolver).
This latter remark is not an expression of the prosecutor's personal opinion based upon his personal knowledge of facts outside the record. Rather, the remark should more appropriately be regarded as a conclusion of law he draws from the evidence.
This assignment is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
TATE, J., with regard to Assignment #3, I concur, although still of the opinion that State v. Blackwell, 298 So.2d 798 (La. 1974) should be overruled, at least prospectively.
DIXON, J., concurs, believing there is a "Blackwell" issue, but that it was not raised and is not before us.
CALOGERO, J., concurs.
With respect to assignment #3 and the discussion of State v. Blackwell, see my sentiments expressed in dissent in State v. Prater, La., 337 So.2d 1107, decided this date.
DENNIS, J., concurs for the reasons stated by TATE and DIXON, JJ.
PER CURIAM:
In defendant's application for rehearing he complains that our opinion erroneously stated, in treating Assignment III, that his requested charge was not in the record. We were in error in this respect. The requested charge was in the record and the record did present the issue of whether the trial judge should instruct the jury on the penalty for armed robberythe question decided in State v. Blackwell, 298 So.2d 798 (La.1974).
However, notwithstanding these errors in our opinion, we did consider the Blackwell issue and reaffirmed that holding. Therefore, the erroneous statements concerning the record did not deprive defendant of a reconsideration of the Blackwell issue.
Justices Dixon and Dennis concurred in the original opinion. In view of this correction, they now dissent from the original opinion, and dissent from the denial of rehearing.
NOTES
[1] La.Code Crim.Pro. art. 802:

"The court shall charge the jury:
(1) As to the law applicable to the case;
(2) That the jury is the judge of the law and of the facts on the question of guilt or innocence, but that it has the duty to accept and to apply the law as given by the court; and
(3) That the jury alone shall determine the weight and credibility of the evidence."
[2] La.Code Crim.Pro. art. 774 provides:

"The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
"The argument shall not appeal to prejudice.
"The state's rebuttal shall be confined to answering the argument of the defendant." La.Code Crim.Pro. art. 921 provides:
"A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right."