MARCUS, Justice.
Bobby Gurley was charged in the same information with two separate counts of armed robbery in violation of La.R.S. 14:64. After trial by jury, defendant was found guilty as charged on one count and guilty of attempted armed robbery on the other count. Thereafter, the state filed an information accusing defendant of being an habitual offender under La.R.S. 15:529.1 (Ha *111 bitual Offender Law). After a hearing, the trial judge found defendant to be an habitual offender and sentenced him to serve ninety-nine years at hard labor on each count without benefit of parole, probation or suspension of sentence with credit for time served from July 16, 1977. The court expressly declared that the sentences were to be served concurrently. On appeal, defendant relies on four assignments of error for reversal of his convictions and sentences. Finding merit in Assignment of Error No. 2, we need not consider the other assigned errors.
ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in refusing to give defendant’s special written charge to the jury. Defendant argues the requested charge was not covered in the court’s general charge and was necessary to charge the jury properly with respect to the law applicable to his defense of insanity.
At the arraignment, defendant entered a plea of not guilty and not guilty by reason of insanity. On the day of trial, but prior to its commencement, defendant submitted to the court the following special written charge:
If you, the jury, should find the defendant not guilty by reason of insanity, the effect of that verdict is as follows: The Court shall remand the defendant to the Parish Prison or to a private mental institution and shall promptly hold a hearing to determine whether the defendant can be discharged or can be released on probation, without danger to others or to himself. If the Court determines that the defendant cannot be released without such danger, it shall order him committed to East Louisiana State Hospital at Jackson, Louisiana, until such time, if ever, that the Court determines, based on physicians’ recommendations, that he can be released without danger to himself or to others. The only restriction on the length of time during which the defendant may be confined is that the confinement period may not exceed the time to which he could be legally sentenced should he have been found guilty, in this instance, ninety-nine (99) years on each count.
At the same time, the state submitted a written request that La.Code Crim.P. arts. 654, paragraph 2, 655(A), (B), 657, and 658 be read to the jury. During trial, defendant submitted evidence of his insanity. After closing arguments, the trial judge charged the jury. When he finished, defendant moved that the trial judge give defendant’s special written charge. The motion was denied. The minutes reflect defendant noted his objection. The minutes also note the state’s motion for special charges was denied.
La.Code Crim.P. art. 803 provides in pertinent part:
When a defendant has specially pleaded insanity . . . the court shall charge the jury with respect to the law applicable thereto.
La.Code Crim.P. art. 807 provides in pertinent part:
The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. . . .
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.
In State v. Babin, 319 So.2d 367 (La.1975), defendant requested the trial judge read to the jury La.Code Crim.P. arts. 652, 654, 655 and 657 relating to the defense of insanity and the consequences of a finding of not guilty by reason of insanity. The trial judge denied the request. We held that art. 803’s direction to charge the jury “with respect to the law applicable thereto” concerning insanity does refer to the specific legal provisions of arts. 654, 655 and 657, which have to do with the “procedural aftermath” of a finding of not guilty by reason of insanity, and those instructions must be given if specifically requested. We distinguished State v. Blackwell, 298 So.2d 798 *112 (La.1974), which held that a trial judge is not required to give instructions concerning lengths of possible sentences following guilty verdicts, stating:
Instructions on the post-verdict status of a not guilty by reason of insanity acquittal are not properly analogous to instructions on post-conviction sentencing, because . . . instructions as to a sentence following a guilty verdict concern only the length of the defendant’s incarceration, whereas possible confusion in a juror’s mind as to the ramifications of a verdict of not guilty by reason of insanity pertains to the very nature of the defendant’s disposition, i. e., whether or not he will be detained and the circumstances of his detention.
We further stated in Babin :
We prefer not to prescribe any particular form that such instructions must take. However, when the trial judge has not included in the general charge an instruction explaining or quoting the law applicable to a verdict of not guilty by reason of insanity, then upon defendant’s request he must read defendant’s wholly applicable, wholly correct suggested charge to the jury.
In the instant case, the trial judge charged the jury on the presumption of sanity, defendant’s burden of proving insanity, and the test of insanity for exempting an offender from criminal responsibility. However, the trial judge did not include in the general charge an instruction explaining or quoting the law applicable to the consequences of a verdict of not guilty by reason of insanity. Therefore, if the requested special charge did not require qualification, limitation, or explanation, and if it was wholly correct and pertinent, it should have been given by the court as mandated by La.Code Crim.P. art. 807.
The special charge first states that, if found not guilty by reason of insanity, defendant shall be confined and a hearing shall be held to determine whether defendant can be discharged or can be released on probation without danger to others or to himself. This is the substance of the first sentence of the second paragraph of La. Code Crim.P. art. 654. The special charge next provides that, if the court determines defendant cannot be released without danger to others or to himself, he shall be committed until the court determines, based on physicians’ recommendations, that he can be released without such danger. The statement is taken without substantive change from the second sentence of the second paragraph of art. 654 and from art. 657. Finally, the special charge sets forth that the only restriction on the length of time during which defendant may be confined if found not guilty by reason of insanity is that the confinement period may not exceed the time to which he could have been legally sentenced should he have been found guilty, in this instance, ninety-nine years on each count. This is a correct statement of the law. See McNeil v. Director, Patuxent Institution, 407 U.S. 245, 92 S.Ct. 2083, 32 L.Ed.2d 719 (1972); Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972); Humphrey v. Cady, 405 U.S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972); Baxstrom v. Herold, 383 U.S. 107, 86 S.Ct. 760,15 L.Ed.2d 620 (1966); La.R.S. 14:64.
We find that the requested special charge was wholly correct and pertinent and did not require qualification, limitation, or explanation. Moreover, it was not included in the general charge or in another special charge given by the court. Hence, the trial judge erred in not giving it as required by art. 807. We must reverse.
DECREE
For the reasons assigned, the convictions and sentences are reversed and set aside and the case is remanded to the district court for a new trial in accordance with the views herein expressed.
SUMMERS, C. J., dissents.