505 So.2d 133 (1987)
STATE of Louisiana
v.
Dwight EVERETT.
No. KA-6079.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
*134 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., and Chris Toensing, Law Clerk, New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans for appellant.
Before SCHOTT, KLEES and LOBRANO, JJ.
LOBRANO, Judge.
Defendant appeals the trial judge's refusal to accept defendant's special requested charge providing that "not guilty of manslaughter by reason of insanity" is a responsive verdict to a charge of second degree murder.
On January 21, 1985 defendant pled not guilty and not guilty by reason of insanity to the December 16, 1984 second degree murder of his brother, Eric.
Following a judge trial on March 11, 1986, defendant requested that the trial judge accept the special charge. The trial court refused and found defendant not guilty by reason of insanity.
The trial judge then determined defendant was a danger to himself and others and ordered him committed to the Feliciana Forensic Facility.
Only a final judgment from a conviction and sentence is appealable. C.Cr. Pro. Art. 912(A); State v. Chapman, 471 So.2d 716 (La.1985). Here, there is no conviction and sentence. Ex Proprio Motu we deny jurisdiction over this appeal, and shall treat this matter as an application for supervisory writs.
After review of the law and arguments of counsel, we deny defendant's writ application and affirm the trial court's refusal to read the special charge.
Defendant contends that the trial judge erred in refusing the special charge because the facts do not support a charge of second degree murder but rather one of manslaughter and he should have been found not guilty of manslaughter by reason of insanity. He argues that our Supreme Court pronouncements in State v. Gurley, 376 So.2d 110 (La.1979) set forth the rule of law which requires that a defendant, found guilty by reason of insanity, cannot be confined for a longer period of time than what the maximum sentence would have been if found guilty of the crime charged. Therefore, the trial judge should have returned a verdict of "not guilty of a particular offense, i.e. manslaughter," so that the Gurley rule of law could be determined. We disagree.
First, we note that the pronouncements in Gurley are not supported by statutory authority. It's reliance is based on several prior U.S. Supreme Court decisions. See, McNeil v. Director, Patuxent Institution, 407 U.S. 245, 92 S.Ct. 2083, 32 L.Ed.2d 719 (1972); Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Subsequent to the Gurley decisions, the U.S. Supreme Court decided Jones v. United States, 463 U.S. 354, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983), wherein the Court stated:
"[t]he purpose of commitment following an insanity acquittal, like that of civil commitment, is to treat the individual's mental illness and protect him and society from his potential dangerousness. The committed acquittee is entitled to release when he has recovered his sanity or is no longer dangerous.
* * * * * *
[O]ne who has committed a less serious act may be confined for a longer period if he remains ill and dangerous. There simply is no necessary correlation between the severity of the offense and length of time necessary for recovery. The length of the acquittee's hypothetical criminal sentence therefore is irrelevant to the purpose of his commitment." 463 U.S. at 368-369, 103 S.Ct. at 3051-3052.
We therefore conclude that the validity of the Gurley holding is questionable to say the least.
However, assuming arguendo that Gurley is still viable, the legislature has not taken any action to suggest responsive verdicts other than those listed in the Code of Criminal Procedure. Code of Criminal Procedure Article 814(A)(3) provides only the following responsive verdicts for a *135 charge of second degree murder: guilty, guilty of manslaughter and not guilty. When a defendant has pled not guilty by reason of insanity, C.Cr.Pro. Art. 816 provides the additional responsive verdict of not guilty by reason of insanity. We find no statutory nor jurisprudential rule which provides for a verdict of not guilty of a lesser included offense by reason of insanity.
When the facts of a case support a responsive verdict, the court may enter such a verdict but only when this verdict is a statutory responsive verdict to the crime charged. State v. Jones, 426 So.2d 1323 (La.1983). Here, defendant pled not guilty and not guilty by reason of insanity to second degree murder. Thus, the only responsive verdicts the trier of fact could have returned were guilty, guilty of manslaughter, not guilty and not guilty by reason of insanity.
Although defendant's arguments raise questions that perhaps should be addressed by the legislature, absent a violation of his Constitutional rights, we do not have the authority to restructure the statutory scheme of responsive verdicts. We find no such Constitutional infringements in this case.
Finding no error in the ruling of the trial judge, this application for supervisory writs is denied.